Gregory F. Coleman*
gcoleman@milberg.com
Adam A. Edwards*
aedwards@milberg.com
William A. Ladnier (CA Bar No. 330334)
wladnier@milberg.com
**MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN, PLLC**
800 S. Gay Street, Suite 1100
Knoxville, TN 37929
Tel: (865) 247-0080
Fax: (865) 522-0049

Hassan A. Zavareei (CA Bar No. 181547)
hzavareei@tzlegal.com
Andrea R. Gold*
agold@tzlegal.com
Allison Parr*
aparr@tzlegal.com
**TYCKO & ZAVAREEI LLP**
2000 Pennsylvania Avenue, NW, Suite 1010
Washington, DC  20006
Tel: (202) 973-0900
Fax: (202) 973-0950

* *Admitted pro hac vice*

*Attorneys for Plaintiffs
and the Proposed Classes*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA TABAK, DE'JHONTAI BANKS, MATTHEW WHITE, KELLY CAMELO-CENICOLA, NESTOR TRUJILLO, and CHRISTINE CLEMENCE, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE, INC.,<br><br>Defendant. | CASE NO. 4:19-CV-02455-JST<br><br>**PLAINTIFFS' NOTICE OF MOTION AND UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>**Judge:** Hon. Jon S. Tigar<br>**Date:** June 29, 2023<br>**Time**: 2:00 p.m.<br>**Place**: Courtroom 6, 2nd Floor<br>    1301 Clay Street, Oakland, CA 94612 |

1

PLAINTIFFS' NOTICE OF MOTION AND UNOPPOSED MOTION
FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT
CASE NO. 4:19-cv-02455-JST

## NOTICE OF MOTION

PLEASE TAKE NOTICE THAT on June 29, 2023 at 2:00 p.m., or as soon thereafter that the matter may be heard, in the Courtroom of the Honorable Jon S. Tigar, of the United States District Court for the Northern District of California, located in Courtroom 6 on the 2nd Floor, 1301 Clay Street, Oakland, CA 94612, Oakland Courthouse, Plaintiffs Lisa Tabak, De'Jhontai Banks, Matthew White, Kelly Camelo-Cenicola, Nestor Trujillo, and Christine Clemence ("Plaintiffs") will and hereby do move, pursuant to Federal Rule of Civil Procedure 23, this Court for an Order (1) preliminarily approving the Proposed Settlement settling their claims, both on behalf of themselves and on behalf of a Settlement Class of similarly situated individuals; (2) certifying the Settlement Class for settlement purposes only; (3) directing notice to the Settlement Class; (4) appointing Plaintiffs' counsel as Class Counsel and Plaintiffs as Class Representatives; and (5) scheduling a final approval hearing. As discussed more fully in the attached Memorandum of Points and Authorities, the Parties have negotiated a Settlement that provides substantial compensation to consumers who allegedly experienced certain audio issues with their iPhone 7 and iPhone 7 Plus devices, thereby providing meaningful relief to Class Members for the alleged defect. The proposed notice program, which was negotiated and agreed to by the Parties, includes both email notice and postcard notice, and thereby provides the best notice practicable under the circumstances, as required by Federal Rule of Civil Procedure 23. Thus, in this Motion, which is unopposed by Defendant Apple Inc., Plaintiffs respectfully request that the Court grant preliminary approval of the Proposed Settlement, direct notice to the proposed Settlement Class, and schedule a final approval hearing.

Dated: May 25, 2023                    /s/ *William A. Ladnier*
                                       William A. Ladnier (CA Bar No. 330334)
                                       wladnier@milberg.com
                                       Gregory F. Coleman*
                                       gcoleman@milberg.com
                                       Adam A. Edwards
                                       aedwards@milberg.com

2

PLAINTIFFS' NOTICE OF MOTION AND UNOPPOSED MOTION
FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT
CASE NO. 4:19-cv-02455-JST

**MILBERG COLEMAN BRYSON**
 **PHILLIPS GROSSMAN, PLLC**
800 S. Gay Street, Suite 1100
Knoxville, TN 37929
Tel: (865) 247-0080
Fax: (865) 522-0049

Andrea R. Gold*
agold@tzlegal.com
Hassan A. Zavareei (CA Bar No. 181547)
hzavareei@tzlegal.com
Allison Parr*
aparr@tzlegal.com
**TYCKO & ZAVAREEI LLP**
2000 Pennsylvania Avenue NW, Suite 1010
Washington, DC  20006
Tel: (202) 973-0900
Fax: (202) 973-0950

Annick Persinger (CA Bar No. 272996)
**TYCKO & ZAVAREEI LLP**
1970 Broadway, Suite 1070
Oakland, CA 94612
Tel: (510) 254-6808

* *Admitted pro hac vice*

*Attorneys for Plaintiffs*
*and the Proposed Settlement Class*

**TABLE OF CONTENTS**

I.   INTRODUCTION AND SUMMARY OF ARGUMENT ............................................. 1

II.  FACTUAL AND PROCEDURAL BACKGROUND ................................................. 2

    A.   Factual Background ............................................................................. 2

    B.   Procedural History .............................................................................. 2

III. THE PROPOSED SETTLEMENT ........................................................................ 3

    A.   The Proposed Settlement Class .......................................................... 3

    B.   Benefits to the Settlement Class Members ......................................... 4

    C.   Settlement Administration .................................................................. 5

    D.   Class Notice ........................................................................................ 6

    E.   Opt-Outs and Objections .................................................................... 6

    F.   Attorneys' Fees and Expenses ........................................................... 7

    G.   Service Award to Named Plaintiffs .................................................... 8

    H.   *Cy Pres* Recipient ............................................................................. 8

    I.   Class Action Fairness Act ("CAFA") ................................................ 8

    J.   Comparable Settlements ..................................................................... 9

IV.  LEGAL STANDARD ........................................................................................ 10

V.   ARGUMENT ...................................................................................................... 12

    A.   The Court Should Approve the Proposed Settlement Because It Is Fair, Reasonable, and Adequate. ................................................................ 12

        1.   The Proposed Settlement is the result of good faith, arm's-length negotiations before an experienced Mediator. .......................... 12

        2.   The Proposed Settlement falls within the range of possible approval. ..... 12

            a.   The Strengths and Risks of Plaintiffs' Case and the Complexity and Likely Duration of Further Litigation ................................... 13

            b.   The Risk of Maintaining Class Action Status .............................. 14

            c.   The Amount Offered in Settlement .............................................. 14

            d.   Extent of Discovery Completed and Stage of Proceedings .......... 15

            e.   Views of Class Counsel .............................................................. 16

            f.   Government Participation, Class Member Reactions, and Other Cases Affected .......................................................................... 16

        3.   The Proposed Settlement treats Settlement Class Members equitably.... 16

        4.   The proposed Fee and Expense Award is fair and reasonable ................. 18

i

B.      The Court Should Certify the Settlement Class for Settlement Purposes............. 19

    1.      The Settlement Class meets the requirements of Rule 23(a). ................... 19

        a.      The Settlement Class is sufficiently numerous. ........................... 19

        b.      There are common questions of law and fact. ............................. 19

        c.      The named Plaintiffs' claims are typical of other Class Members' claims......................................................................... 20

        d.      The Class Representatives and Class Counsel will continue to fairly and adequately protect the Settlement Class's interests...... 21

    2.      The Settlement Class Meets the Requirements of Rule 23(b)(3). ............ 22

        a.      Common issues of law and fact predominate. ............................. 22

        b.      A class action is the superior method for adjudicating, and settling, the Plaintiffs' and the Class's claims. ............................. 23

C.      The Proposed Notice Program Provides the Best Notice Practicable................... 24

VI.   CONCLUSION................................................................................................ 25

# TABLE OF AUTHORITIES

**Cases**

*Allagas v. BP Solar Int'l*,
   No. 3:14-cv-00560-SI (EDL), 2016 WL 9114163 (N.D. Cal. Dec. 22, 2016) ........................ 23

*Allen v. Hyland's, Inc.*,
   No. 12-cv-1150 DMG (MANx) (C.D. Cal. 2014) ................................................. 14

*Amchem Prods., Inc. v. Windsor*,
   521 U.S. 591 (1997) ................................................................................. 19

*Bailey v. Rite Aid Corp.*,
   338 F.R.D. 390 (N.D. Cal. 2021) ................................................................ 19

*Bakhtiar v. Info. Res., Inc.*,
   No. 17-cv-04559-JST, 2021 WL 4472606 (N.D. Cal. Feb. 10, 2021) ................... 19

*Ballard v. Equifax Check Servs., Inc.*,
   186 F.R.D. 589 (E.D. Cal. 1999) ................................................................ 24

*Bronson v. Samsung Elecs. Am., Inc.*,
   No. C 18-02300 WHA, 2020 WL 1503662 (N.D. Cal. Mar. 30, 2020) ................... 1

*Churchill Village, L.L.C. v. General Electric*,
   361 F.3d 566 (9th Cir. 2004). ............................................................. 12, 24

*Class Plaintiffs v. City of Seattle*,
   955 F.2d 1268 (9th Cir. 1992) ................................................................. 11

*Clemens v. Hair Club for Men, LLC*,
   No. C 15-01431 WHA, 2016 WL 1461944 (N.D. Cal. Apr. 14, 2016) ................... 21

*Cole v. Asurion Corp.*,
   267 F.R.D. 322 (C.D. Cal. 2010) ................................................................ 21

*Evon v. Law Offices of Sidney Mickell*,
   688 F.3d 1015 (9th Cir. 2012) ................................................................. 21

*Farar v. Bayer AG*,
   No. 14-cv-4601 (N.D. Cal. 2017) ................................................................ 14

*G. F. v. Contra Costa Cnty.*,
   No. 13-cv-03667-MEJ, 2015 WL 4606078 (N.D. Cal. July 30, 2015) ................... 12

*Gold v. Lumber Liquidators, Inc.*,
   323 F.R.D. 280 (N.D. Cal. 2017) ................................................................ 22

*Hamilton v. TBC Corp.*,
   821 *F. App'x* 720 (9th Cir. 2020) ............................................................. 14

*Hanlon v. Chrysler Corp.*,
   150 F.3d 1011 (9th Cir. 1998) ............................................................. 21, 23

*Hillman v. Lexicon Consulting, Inc.*,
No. 2017 WL 10433869 (C.D. Cal. April 27, 2019) ........................................................ 16

*In re Apple Inc. Device Performance Litig.*,
No. 5:18-md-02827-EJD, 2023 WL 2090981 (N.D. Cal. Feb. 17, 2023) ........................... 17

*In re Apple iPhone/iPod Warranty Litig.*,
No. CV-10-01610, 2014 WL 12640497 (N.D. Cal. May 8, 2014) ................................... 1, 9

*In re MacBook Keyboard Litig.*,
No. 5:18-cv-02813-EJD (N.D. Cal. Mar. 6, 2023) ........................................................ 10

*In re MacBook Keyboard Litigation*,
No. 5:18-cv-02813-EJD, 2022 WL 17409738 (N.D. Cal. Dec. 2, 2022) ................. 9, 10, 17

*In re Netflix Privacy Litig.*,
No. 5:11-CV-00379 EJD, 2013 WL 1120801 (N.D. Cal. Mar. 18, 2013) ......................... 14

*In re Nexus 6P Products Liability Litigation*,
No. 17-cv-02185-BLF, 2019 WL 6622842 (N.D. Cal. Nov. 12, 2019) ................ 1, 10, 11, 17

*In re Pac. Enters. Sec. Litig.*,
47 F.3d 373 (9th Cir. 1995) ....................................................................................... 11

*In re Volkswagen "Clean Diesel" Mktg., Sales Practices & Prod. Liab. Litig.*,
MDL No. 2672 CRB, 2016 WL 6248426 (N.D. Cal. Oct. 25, 2016) ............................... 18

*In re Volkswagen "Clean Diesel" Mktg., Sales Practices & Prod. Liab. Litig.*,
No. 2672 CRB, 2016 WL 4010049 (N.D. Cal. July 26, 2016) ....................................... 19

*In re Wells Fargo & Co. Shareholder Derivative Litig.*,
445 F. Supp. 3d 508 (N.D. Cal. 2020) ........................................................................ 18

*J.L. v. Cissna*,
No. 18-cv-04914-NC, 2019 WL 415579 (N.D. Cal. Feb. 1, 2019) ................................. 20

*Kacsuta v. Lenovo (U.S.) Inc.*,
No. SACV 13-00316-CJC(RNBx), 2014 WL 12585783 (C.D. Cal. 2014) ....................... 22

*Keilholtz v. Lennox Hearth Prod. Inc.*,
268 F.R.D. 330 (N.D. Cal. 2010) ............................................................................... 21

*Kim v. Space Pencil, Inc.*,
No. C 11-03796 LB, 2012 WL 5948951 (N.D. Cal. Nov. 28, 2012) ............................... 13

*Knapp v. Art.com, Inc.*,
283 F. Supp. 3d 823 (N.D. Cal. 2017) ........................................................................ 14

*Larsen v. Trader Joe's Co.*,
No. 11-cv-05188-WHO, 2014 WL 3404531 (N.D. Cal. July 11, 2014) ............................. 1

*Mazza v. Am. Honda Motor Co.*,
254 F.R.D. 610 (C.D. Cal. 2008) ............................................................................... 23

*Menagerie Prods. v. Citysearch*,
No. CV 08- 4263 CAS (FMO), 2009 WL 3770668 (C.D. Cal. Nov. 9, 2009) ................... 24

iv

*Miller v. Ghirardelli Chocolate Co.*,
 No. 12-cv-04936-LB, 2015 WL 758094 (N.D. Cal. Feb. 20, 2015)...........................................1

*Nat'l Rural Telecomm. Coop. v. DirecTV, Inc.*,
 221 F.R.D. 523, (C.D. Cal. 2004) ........................................................................................ 16

*O'Connor v. Uber Techs., Inc.*,
 No. 13-CV-03826-EMC, 2019 WL 1437101 (N.D. Cal. Mar. 29, 2019)........................... 11

*Officers for Justice v. Civil Serv. Comm'n of City & Cty. of San Francisco*,
 688 F.2d 615 (9th Cir. 1982) ........................................................................................ 11, 13

*Racies v. Quincy Bioscience, LLC*,
 No. 15-cv-292 (N.D. Cal. 2017) ........................................................................................ 14

*Rodriguez v. Hayes*,
 591 F.3d 1105 (9th Cir. 2010) ........................................................................................... 20

*Rodriguez v. W. Publ'g Corp.*,
 563 F.3d 948 (9th Cir. 2009) ....................................................................................... 15, 17

*Stearns v. Ticketmaster Corp.*,
 655 F.3d 1013 (9th Cir. 2011) ........................................................................................... 20

*Tyson Foods, Inc. v. Bouaphakeo*,
 577 U.S. 442 (2016)........................................................................................................... 22

*Van Bronkhorst v. Safeco Corp.*,
 529 F.2d 943 (9th Cir. 1976) ............................................................................................. 11

*Villegas v. J.P. Morgan Chase & Co.*,
 No. CV 09–00261 SBA (EMC), 2012 WL 5878390 (N.D. Cal. Nov. 21, 2012)..................... 12

*Wal-Mart Stores, Inc. v. Dukes*,
 564 U.S. 338 (2011)........................................................................................................... 20

*Wiener v. Dannon Co., Inc.*,
 255 F.R.D. 658 (C.D. Cal. 2009) ....................................................................................... 24

*Wolin v. Jaguar Land Rover N. Am., LLC*,
 617 F.3d 1168 (9th Cir. 2010) ..................................................................................... 20, 23

**Statutes**

28 U.S.C. § 1711 ......................................................................................................................... 8

28 U.S.C. § 1712 ......................................................................................................................... 8

28 U.S.C. § 1713 ......................................................................................................................... 8

28 U.S.C. § 1714 ......................................................................................................................... 8

28 U.S.C. § 1715 ................................................................................................................... 9, 25

v

PLAINTIFFS' NOTICE OF MOTION AND UNOPPOSED MOTION
FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT
CASE NO. 4:19-cv-02455-JST

**Rules**

FED. R. CIV. P. 23 ................................................................................................................ passim

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION AND SUMMARY OF ARGUMENT

Plaintiffs originally filed this proposed class action against Defendant Apple Inc., ("Apple") on May 6, 2019. Following approximately four years of vigorous litigation and discovery, the parties have reached an agreement to resolve the claims raised in this Action (the "Settlement" or the "Proposed Settlement")[1]. The Settlement provides for a total fund of $35,000,000, providing between $50 to $349 to Settlement Class Members who paid Apple out-of-pocket for a repair or replacement ("OOP Payees") for certain alleged audio-related issues with their iPhone 7 or iPhone 7 Plus phones and up to $125 to Settlement Class Members who complained to Apple about such alleged audio-related issues but did not pay out-of-pocket to Apple for a repair or replacement ("Complainants"). The Proposed Settlement, which is attached as **Exhibit 1** to the Joint Declaration of Proposed Class Counsel ("Counsel Decl."), was reached only after extensive litigation and arm's-length negotiations before Mr. Randall Wulff, an experienced mediator. The Proposed Settlement is fair, reasonable, and adequate, and provides meaningful relief to the proposed Settlement Class, while balancing the risks and delays of continued, protracted litigation, including class certification briefing, expert reports, trial, and the potential for no recovery to Plaintiffs at all. Such recovery aligns with other consumer class action settlements approved in this District.[2] Based on an informed evaluation of the facts and governing legal principles, Plaintiffs respectfully request that the Court preliminarily approve the Proposed Settlement.

---

[1] Unless otherwise specifically defined herein, all capitalized terms have the same meanings as those set forth in the Parties' Settlement Agreement, attached as **Exhibit 1**.

[2] *See, e.g.*, *Bronson v. Samsung Elecs. Am., Inc.*, No. C 18-02300 WHA, 2020 WL 1503662, at *2 (N.D. Cal. Mar. 30, 2020); *In re Nexus 6P Products Liability Litigation*, No. 17-cv-02185-BLF, 2019 WL 6622842, at *1-2 (N.D. Cal. Nov. 12, 2019); *Miller v. Ghirardelli Chocolate Co.*, No. 12-cv-04936-LB, 2015 WL 758094 (N.D. Cal. Feb. 20, 2015); *Larsen v. Trader Joe's Co.*, No. 11-cv-05188-WHO, 2014 WL 3404531 (N.D. Cal. July 11, 2014); *In re Apple iPhone/iPod Warranty Litig.*, No. CV-10-01610, 2014 WL 12640497, at *3 (N.D. Cal. May 8, 2014).

1

PLAINTIFFS' NOTICE OF MOTION AND UNOPPOSED MOTION
FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT
CASE NO. 4:19-cv-02455-JST

## II.    FACTUAL AND PROCEDURAL BACKGROUND

### A.    Factual Background

This case involves an alleged defect in iPhone 7 and iPhone 7 Plus devices (the "iPhones"), which were designed, marketed, and sold by Apple. This alleged issue affects the audio IC chip on the iPhone's logic board and allegedly impacts the iPhone's audio functionality. Plaintiffs allege the iPhone's casing can bend excessively through normal and intended use, severing the connection between the audio IC chip and the logic board. As a result, Plaintiffs allege that the iPhones may experience issues with audio functionality as described in the Second Amended Complaint.

### B.    Procedural History

Plaintiffs filed their original Complaint on May 6, 2019. ECF No. 1. Following an amendment and full briefing on Apple's motion to dismiss the complaint, the Court granted partial dismissal with leave to amend. ECF No. 62. Plaintiffs filed the operative Second Amended Complaint on February 20, 2020. ECF No. 67. Following further briefing on another motion to dismiss, the Court dismissed several claims with prejudice and left intact certain express warranty claims, implied warranty claims under the Song-Beverly Consumer Warranty Act, various state consumer protection claims, and common law fraud and negligent misrepresentation claims. ECF No. 90.

Since that time, the parties have engaged in significant discovery, issuing and responding to multiple sets of requests for production, interrogatories, and requests for admission. Counsel Decl. ¶ 7. Apple has produced, and Plaintiffs have reviewed, hundreds of thousands of pages of documents. *Id.* Plaintiffs requested, and reviewed, documents relating to third-party sales of the iPhones. *Id.* Apple deposed all named Plaintiffs. *Id.* ¶ 8. Further, the Parties have met and conferred extensively regarding discovery and testing of the iPhones, and, following a joint discovery letter and conference with the Court, they engaged a neutral expert to accomplish some of this testing.

Plaintiffs' Notice of Motion and Unopposed Motion
for Preliminary Approval of Class Action Settlement
Case No. 4:19-cv-02455-JST

*See* ECF No. 140; *see also* Counsel Decl. ¶ 9. The Court set regular case management conferences for the Parties to discuss discovery, case status, and mediation. *See* ECF 94, 115, 117, 156.

At the Court's request, the Parties engaged neutral mediator Randall Wulff to conduct a mediation on November 2, 2022. With Mr. Wulff's aid, the Parties reached an agreement to settle. Since that mediation, the parties have continued to discuss and finalize the settlement terms.

## III.   THE PROPOSED SETTLEMENT

The Proposed Settlement provides substantial, meaningful relief to current and former owners of the iPhones by compensating all who reported to Apple an alleged issue regarding the iPhone 7 and iPhone 7 Plus reflected in Apple's records as Sound-Speaker, Sound-Microphone, Sound – Receiver, Unexpected Restart / Shutdown, or Power On – Device Unresponsive, with higher compensation to those who paid out of pocket to Apple for a repair or replacement. The Settlement Fund will contain enough funds to ensure that Settlement Class Members receive full and fair relief.

### A.    The Proposed Settlement Class

The Settlement contemplates certification of the following Settlement Class for settlement purposes only:

> [I]ndividual persons who are United States residents and who own or owned an Apple iPhone 7 or 7 Plus and reported to Apple in the United States Covered Issues, including but not limited to those who paid Apple out of pocket for repairs or replacements for Covered Issues as reflected in Apple's records. The Settlement Class excludes Apple; any entity in which Apple has a controlling interest; Apple's directors, officers, and employees; Apple's legal representatives, successors, and assigns. Also excluded from the Settlement Class are all judicial officers assigned to this case as well as their staff and immediate families.  The Class Period shall be September 16, 2016, to January 3, 2023.

Settlement Agreement ("SA") ¶ 25, Ex. A.

"Covered Issues" are defined as "issues reported to Apple regarding the iPhone 7 and iPhone 7 Plus reflected in Apple's records as Sound-Speaker, Sound-Microphone, Sound – Receiver, Unexpected Restart / Shutdown, or Power On – Device Unresponsive." *Id.*

3

PLAINTIFFS' NOTICE OF MOTION AND UNOPPOSED MOTION
FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT
CASE NO. 4:19-cv-02455-JST

The Settlement Class is more precisely defined than the classes set out in the operative complaint. ECF No. 67, ¶¶ 245-46 (Procedural Guidance for Class Action Settlements ("Guideline") 1(a)). The Settlement Class includes all individuals who owned an iPhone 7 or 7 Plus, allegedly experienced a Covered Issue, and contacted Apple regarding the Covered Issue. Purchasers of iPhone 7 or iPhone 7 Plus who did not experience any issue are not Settlement Class Members. *See* Guideline 1(c).

Plaintiffs narrowed the Settlement Class given the serious risk associated with litigating the claims of iPhone 7 and 7 Plus purchasers who never experienced the alleged audio issue. For example, at trial, Apple could argue before a jury that the iPhone owners who never experienced any alleged audio issue were never harmed—or that because a large majority of the iPhones did not manifest any audio issue, there was no defect. In defining the Settlement Class to only include those individuals who alleged that they experienced an issue, these risks are alleviated. Balancing these risks with ensuring a recovery on behalf of the Settlement Class Members who experienced an alleged audio issue is fair and reasonable.

## B.    Benefits to the Settlement Class Members

Apple will provide $35,000,000 for the Settlement Fund to cover all Settlement Class Member payments, administrative expenses, any taxes owed upon the gross settlement amount (excluding taxes owed by any individual Settlement Class Counsel, Plaintiffs, or Settlement Class Members), any attorneys' fee and expense awards, and any class representative service awards. SA ¶ 14. While recognizing that the Settlement entitles Class Counsel to apply for reasonable fees and expenses, the outcome of that request will not impact the settlement becoming effective, and Apple reserves the right to object to or oppose Class Counsel's request for attorneys' fees and expenses. Settlement Class Members who provide valid payment information (directing the settlement administrator as to whether they prefer to receive payment by physical check, electronic check or direct deposit, and providing the information necessary for their chosen payment method) will receive payment from the Settlement Fund. Any Settlement Class Member who paid any out-

4

of-pocket expenses to Apple for a repair or replacement allegedly relating to a Covered Issue ("OOP Payee") and who submits valid payment information will receive a cash payment between $50 and $349, with all OOP Payees receiving the same amount. *Id.*, § B.3. Any Settlement Class Member who did not pay out-of-pocket costs to Apple for repairs allegedly relating to a Covered Issue ("Complainant") and who submits valid payment information will receive a cash payment of up to $125, capped at 75% of the payment to OOP Payees, with all Complainants receiving the same amount. *Id.* Settlement Class Members will have 105 days from the Notice Date (which is to be established by the Court upon preliminarily approving the Settlement) to submit payment information. *Id.* ¶ 21.

Should any payments to Class Members fail or remain uncashed after 120 days, such funds will be used to pay any unanticipated costs of administration. *Id.* § B.7. If funds still remain after payment of unanticipated administrative costs, the remaining funds will be distributed to Girls Who Code as the *cy pres* recipient, subject to the Court's approval. *Id.* § B.8. Under no circumstances shall any settlement funds revert to Apple. *Id.* § B.7.

### C.    Settlement Administration

The parties have agreed to retain Angeion Group ("Angeion") as the Settlement Administrator, subject to the Court's approval. SA § F.1; *see also* Counsel Decl. ¶ 23. Angeion has substantial experience in managing class settlements nationwide. Declaration of Steven Weisbrot of Angeion Group, LLC ("Weisbrot Decl.") ¶¶ 9-10. Before deciding on Angeion, the Parties reviewed competitive proposals from three prominent settlement administrators, all of whom proposed similar methods of notice and class payment, with Angeion ultimately providing the most cost-effective bid. Counsel Decl. ¶¶ 19-22. In the past two years, proposed Class Counsel has worked with Angeion 35 times. *Id.* ¶ 24. All settlement administrative expenses will be paid from the Settlement Fund. SA § F.1; Guideline 2(b).

Assuming 210,000 Settlement Class Members submit their payment information, which Angeion estimates based on extensive prior experience in similar class actions as detailed in the

5

PLAINTIFFS' NOTICE OF MOTION AND UNOPPOSED MOTION
FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT
CASE NO. 4:19-cv-02455-JST

Administrator Declaration, the Administrator has agreed to cap the costs of notice and administration at $574,000, which is in line with the costs charged by other settlement administrators for a comparable notice plan and effectuation of payment. Counsel Decl. ¶ 21; Weisbrot Decl. ¶ 27.

The Administrator will oversee Notice to the Settlement Class Members and administration of the Settlement Fund. Weisbrot Decl. ¶¶ 12-18. The Administrator also has established procedures for handling class member data and accepts responsibility for mishandling of this data. *Id.* ¶¶ 22-26; Guideline 2(b).

### D.     Class Notice

Apple will provide the Settlement Administrator with a list of Settlement Class Members, including their emails and physical addresses to the extent available. SA § F.3. As soon as practicable—but no later than 30 days following the date on which Apple provides the Settlement Administrator the Settlement Class list—Notice will be sent via email to those Settlement Class Members for whom Apple has an email address on record. *Id.* § F.4. Where Apple has only a physical address for a Settlement Class Member, Notice will be sent via direct mail postcard. *Id.* Should the Notice reach less than 90% of Settlement Class Members, the Settlement Administrator will provide supplemental notice via direct mail postcard to those Settlement Class Members whose emails were returned as undeliverable. Such supplemental notice will be completed at least 30 days prior to the deadline to submit an objection to or exclusion from the Settlement ("Objection and Exclusion Deadline"). Additionally, the Settlement Administrator will create and administer a settlement website and toll-free number where Settlement Class Members can easily access information regarding the Settlement, review Settlement-related documents and deadlines, and review procedures for submitting payment information, exclusion requests, or objections.

### E.     Opt-Outs and Objections

The Full Class Notice and Settlement Website will advise Settlement Class Members of their right to opt out of or object to the Settlement, of Class Counsel's application for Attorneys'

6

PLAINTIFFS' NOTICE OF MOTION AND UNOPPOSED MOTION
FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT
CASE NO. 4:19-cv-02455-JST

Fees and Expenses and for Service Awards to the Class Representatives, and of all deadlines and dates associated with the Settlement. SA §§ F.5, F.6, Ex. A. A motion for attorneys' fees will be filed at least 35 days prior to the Objection and Exclusion Deadline, as set forth in the timeline in the proposed preliminary approval order. *See* Guideline 9. Settlement Class Members who wish to object must mail a written objection to the Court on or before the Objection and Exclusion Deadline (105 days after the Notice Date), providing: (a) the full name, address, telephone number, and email address of the objector and any counsel representing the objector; (b) the case name and number; (c) information sufficient to verify that the objector is a Settlement Class Member; (d) whether the objection applies only to the objector, to a specific subset of the class, or to the entire class; (e) the grounds for the objection; and (f) the objector's signature. SA ¶ 17, § D.4; *see also* Guideline 5. Any objector wishing to appear and be heard at the Final Approval Hearing must include a Notice of Intention to Appear in the Objection. SA § D.5. Settlement Class Members may exclude themselves from the Settlement by submitting to the Administrator a written request for exclusion on or before the Objection and Exclusion Deadline (105 days after the Notice Date) online through the Settlement Website or by U.S. Mail, which must include: (a) the Settlement Class Member's name, address, and telephone number; (b) the Settlement Class Member's signature; and (c) a clear request that the individual would like to "opt out" or be excluded from the Settlement. SA ¶ 17, § E.2; *see also* Guideline 4.

**F.      Attorneys' Fees and Expenses**

Plaintiffs' counsel seek to be appointed as Class Counsel and intend to seek an award of reasonable attorneys' fees and expenses. The Parties did not discuss fees and expenses during the negotiations of the Settlement. Counsel Decl. ¶ 35. Following finalization of the Settlement's terms, the Parties agreed that any awarded fees and expenses would be paid from the Settlement Fund prior to distribution to the Settlement Class Members. SA ¶ 2. The Parties have not agreed to any award of attorneys' fees or expenses, and Apple may object to the request for attorneys' fees and expenses. *Id.* § G.2. Proposed Class Counsel shall file a separate request for fees and

7

PLAINTIFFS' NOTICE OF MOTION AND UNOPPOSED MOTION
FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT
CASE NO. 4:19-cv-02455-JST

expenses. Proposed Class Counsel intends to seek $8,750,000 in attorneys' fees and costs. This figure represents a 25% benchmark compared to the total Settlement amount. Apple reserves the right to object to or oppose Class Counsel's requests for attorneys' fees and expenses.

**G.    Service Award to Named Plaintiffs**

Plaintiffs played a vital role in litigating this case, including reviewing pleadings and other filings, staying abreast of the status of the case and regularly discussing the matter with their counsel over a period of years, responding to discovery, searching for and producing documents, preparing and sitting for depositions, playing an active role in considering and approving settlement terms, and ensuring the interests of putative class members were protected. Counsel Decl. ¶¶ 28-34; *see also* Guideline 7. Therefore, Plaintiffs intend to petition the Court to award each Plaintiff $3,000—a total of $18,000—in recognition of their active role and significant time expended in furtherance of this important, multi-year litigation on behalf of the proposed Settlement Class. SA § G.1. Apple has agreed not to oppose this request. *Id.*

**H.    *Cy Pres* Recipient**

Following agreement of a settlement in principle, the Parties have jointly agreed to propose Girls Who Code as the *cy pres* recipient, pending the Court's approval. SA § B.8; Guideline 8; *see also* Counsel Decl. ¶¶ 25-26. Girls Who Code is a national organization that works to diminish the gender gap in technological professions, to increase exposure to underrepresented minorities in the technological field, and to expand computer science curricula in schools. The Parties believe that Girls Who Code is an appropriate potential *cy pres* recipient in this case.

**I.    Class Action Fairness Act ("CAFA")**

The Proposed Settlement fully complies with CAFA, 28 U.S.C. § 1711, *et seq. See* Guideline 10. The Proposed Settlement does not provide for a recovery of coupons, does not result in a new loss to any Class Member, and does not treat Class Members inequitably based upon geographic location or any other factor. *See* 28 U.S.C. §§ 1712-14. Moreover, "[u]pon the filing of the motion requesting issuance of the Preliminary Approval Order, Apple will provide timely

8

PLAINTIFFS' NOTICE OF MOTION AND UNOPPOSED MOTION
FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT
CASE NO. 4:19-cv-02455-JST

notice of such motion as required by 28 U.S.C. § 1715." SA § C.3; *see also* Weisbrot Decl. ¶ 28; Guideline 10.

**J.     Comparable Settlements**

Plaintiffs have identified three comparable class settlements, which involve similar allegedly deceptive marketing of consumer products manifesting an alleged defect. Guideline 11. These comparable settlements, which are discussed here, are also summarized in a chart included as Appendix A to this Motion. *See id.*

*In re Apple iPhone/iPod Warranty Litigation*, the settlement class was certified to include consumers who were required to pay out-of-pocket expenses to replace an iPhone or iPod due to alleged issues with the liquid contact indicator on the devices. 2014 WL 12640497, at *2-3. On average, eligible settlement class members there received an average payment of $241 for each of the approximately 152,000 affected class devices. *Id.* at *3. The *In re Apple iPhone/iPod Warranty Litigation* court approved that settlement. *Id.* at *2. Here, the Proposed Settlement will provide up to $349 to Settlement Class Members who paid out-of-pocket costs and will, in addition, provide cash benefits to those Settlement Class Members who did not incur costs.

*In re MacBook Keyboard Litigation*, which has been preliminarily approved but not finally approved as of the date of this filing, involves consumer protection claims under various states' laws brought on behalf of consumers who purchased certain Apple computers. No. 5:18-cv-02813-EJD, 2022 WL 17409738, at *1 (N.D. Cal. Dec. 2, 2022). There, Apple established a $50,000,000 common fund. Similar to the instant case, the allocation plan in *In re MacBook Keyboard Litigation* includes multiple groups of claimants, whose recovery vary based on how the claimants are categorized . *Id.* at *6. As of March 6, 2023, 86,117 claims were submitted to the settlement administrator in *In re MacBook Keyboard Litigation*, and based on that claims rate, the settlement administrator estimated that Group 1 class members would receive $300, Group 2 class members would receive $125, and Group 3 class members would receive $50. *In re MacBook Keyboard Litigation*, 2022 WL 17409738, at *5-6.

*In re Nexus 6P Products Liability Litigation* asserted violations of California consumer protection laws, as well as breach of warranty claims, on behalf of consumers who purchased allegedly defective smartphones. 2019 WL 6622842, at *1-2. Defendants established a settlement fund of $9,750,000, which after notice and administrative expenses, attorneys' fees and expenses, taxes, and service awards, yielded a net settlement fund of $6,375,000. *Id.* at *2. The *Nexus 6P* settlement provided a tiered allocation plan, with the largest maximum payout reserved for class members who had multiple devices manifesting the defects. *Id.* at *2-3. Direct notice was sent to 383,965 class members, and the parties estimated that 77% of the settlement class was contacted through direct and indirect notice. *Id.* at *3-4. At the time final approval was granted, the parties estimated that claimants would receive the following distributions: (1) 7,250 claimants would receive approximately $5; (2) 43,750 claimants would receive approximately $10 or $20, depending on the type of defect (battery drain or bootloop); (3) 11,600 claimants would receive approximately $150 (battery defect) or $325 (bootloop defect); and (4) approximately 5,000 claimants would receive $400. *Id.* at *4. Following the distribution of benefits to class members, payment of attorneys' fees and costs, and payment of $319,972.84 in administrative costs, a total of $132,920.62 remained and was distributed to the *cy pres* recipient. *See In re Nexus 6P Prods. Liab. Litig.*, ECF Nos. 232 (N.D. Cal. Mar. 6, 2023), 238 ECF No. 238 (N.D. Cal. Apr. 27, 2021), 240 (N.D. Cal. Mar. 14, 2022), 241 (N.D. Cal. Mar. 15, 2022).

These cases support compensating Settlement Class Members who actually experienced manifestation of the alleged issue. Here, the Proposed Settlement will provide up to $349 to Settlement Class Members who paid out-of-pocket and will, in addition, provide cash benefits to those Settlement Class Members who did not. These settlements strongly support preliminary approval of this Proposed Settlement

## IV.     LEGAL STANDARD

In the Ninth Circuit, there is a "strong judicial policy that favors settlements" of class actions. *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992). "[T]here is an

overriding public interest in settling and quieting litigation," and this is "particularly true in class action suits." *Van Bronkhorst v. Safeco Corp.*, 529 F.2d 943, 950 (9th Cir. 1976). Recognizing that "[p]arties represented by competent counsel" are "positioned . . . to produce a settlement that fairly reflects each party's expected outcome in [the] litigation," courts favor approval of settlements. *In re Pac. Enters. Sec. Litig.*, 47 F.3d 373, 378 (9th Cir. 1995). At the preliminary approval stage, courts generally "require a determination of whether the proposed settlement 'falls within the range of possible approval' and 'has no obvious deficiencies.'" *O'Connor v. Uber Techs., Inc.*, No. 13-CV-03826-EMC, 2019 WL 1437101, at *4 (N.D. Cal. Mar. 29, 2019). Moreover, preliminary approval should be granted where the parties have 'show[n] that the court will likely be able to . . . approve the proposal under [the final approval factors in] Rule 23(e)(2)'" and 'certify the class for purposes of judgment on the proposal.'" *Id.* (citing Fed. R. Civ. P. 23(e)(1)(B)). The relative degree of importance to be attached to any particular factor will depend upon . . . the unique facts and circumstances presented by each individual case." *Officers for Justice v. Civil Serv. Comm'n of City & Cty. of San Francisco*, 688 F.2d 615, 625 (9th Cir. 1982). In particular, determining whether a proposed settlement is fair, adequate and reasonable depends upon:

> (1) the strength of the plaintiffs' case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members to the proposed settlement.

*Churchill Village, L.L.C. v. General Electric*, 361 F.3d 566, 575 (9th Cir. 2004).

## V.    ARGUMENT

### A.    The Court Should Approve the Proposed Settlement Because It Is Fair, Reasonable, and Adequate.

The Proposed Settlement represents a fair, reasonable, and adequate resolution to this litigation, providing meaningful relief to consumers. The relevant considerations weigh in favor of preliminarily approving—and of eventually finally approving—the Proposed Settlement.

#### 1.    The Proposed Settlement is the result of good faith, arm's-length negotiations before an experienced Mediator.

The Parties reached the Proposed Settlement following a day-long mediation session and extensive discussions thereafter overseen by Randall Wulff, an experienced litigator and mediator capable of analyzing the strengths and weaknesses of the parties' cases. Mr. Wulff offered a reasonable, unbiased analysis of each party's arguments, claims, and defenses, helping the Parties to recognize the validity (and shortcomings) of their positions. Mr. Wulff ensured that the Parties' negotiations were conducted in good faith and at arm's length. After an approximately 10-hour mediation session and numerous discussions thereafter, the parties reached an agreement to settle. "[T]he assistance of an experienced mediator in the settlement process confirms that the settlement is non-collusive." *See G. F. v. Contra Costa Cnty.*, No. 13-cv-03667-MEJ, 2015 WL 4606078, at *13 (N.D. Cal. July 30, 2015) (citation omitted); *Villegas v. J.P. Morgan Chase & Co.*, No. CV 09–00261 SBA (EMC), 2012 WL 5878390, at *6 (N.D. Cal. Nov. 21, 2012) (noting that private mediation "tends to support the conclusion that the settlement process was not collusive"). This favors preliminary approval.

#### 2.    The Proposed Settlement falls within the range of possible approval.

It is axiomatic that "the very essence of a settlement is compromise, 'a yielding of absolutes and an abandoning of highest hopes.'" *Officers for Just. v. Civ. Serv. Comm'n of City & Cnty. of San Francisco*, 688 F.2d 615, 624 (9th Cir. 1982). The Proposed Settlement provides substantial monetary relief to the Class considering (1) the costs, risks, expenses, and delays of trial and

appeal, (2) the effectiveness of the proposed distribution plan, and (3) the fair and explained terms of the substantial gross Settlement fund that will sufficiently pay for all of the settlement costs, including any award of attorneys' fees and expenses. Fed. R. Civ. P. 23(e)(2)(C).

> a. *The Strengths and Risks of Plaintiffs' Case and the Complexity and Likely Duration of Further Litigation*

The Proposed Settlement provides substantial relief to the Class in the face of the inherent uncertainties of litigation. "The substantial and immediate relief provided to the Class under the Settlement weighs heavily in favor of its approval compared to the inherent risk of continued litigation, trial, and appeal, as well as the financial wherewithal of the defendant." *Kim v. Space Pencil, Inc.*, No. C 11-03796 LB, 2012 WL 5948951, at *5 (N.D. Cal. Nov. 28, 2012).

This case presents significant risks to recovery. On the merits, Apple disputes all Plaintiffs' claims. Since inception, Apple has denied that the iPhone 7 and 7 Plus contained any alleged defect. Apple also argued that Plaintiffs and all consumers of the iPhone 7 and iPhone 7 Plus received the benefit of their bargain. According to Apple, the challenged components and design are not deficient. Further, Apple maintains that all its representations were true and denies that Apple at any time acted in violation of any consumer protection law or inconsistent with its warranties. Additionally, Apple denies that class treatment is appropriate under the circumstances and will point to what it claims are individualized issues.

There is meaningful risk that a factfinder could agree with Apple at trial. Indeed, consumer class action trials are inherently risky. Seemingly meritorious class actions have recently gone to trial in California, with judgments returned for defendants. *See e.g., Farar v. Bayer AG*, No. 14-cv-4601 (N.D. Cal. 2017); *Allen v. Hyland's, Inc.*, No. 12-cv-1150 DMG (MANx) (C.D. Cal. 2014); *cf. Racies v. Quincy Bioscience, LLC*, No. 15-cv-292 (N.D. Cal. 2017) (declaring mistrial and decertifying class).

Similarly, summary judgment is also not without risk, where Apple could analogize to the Ninth Circuit's recent dismissal in *Hamilton v. TBC Corp.*, 821 *F. App'x* 720, 723 (9th Cir. 2020).

13

PLAINTIFFS' NOTICE OF MOTION AND UNOPPOSED MOTION
FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT
CASE NO. 4:19-cv-02455-JST

There, the Ninth Circuit held that plaintiffs were not able to pinpoint and prove a defect to support their claims. Proving an actionable defect can be difficult even in strong cases. *Id.* Therefore, in the face of additional months, if not years, of litigation, Plaintiffs must weigh the very real risk that the Court—or a jury—could be unconvinced that a legitimate defect exists in the iPhones. Accordingly, while Plaintiffs vigorously dispute Apple's contentions on the merits, the risks of litigation weigh in favor of settlement. *See Knapp v. Art.com, Inc.*, 283 F. Supp. 3d 823, 832 (N.D. Cal. 2017) (approving settlement where "[c]ase law suggests that plaintiff would have faced challenges in continuing to litigate" and "unless the settlement is clearly inadequate, its acceptance and approval are preferable to lengthy and expensive litigation with uncertain results").

### b.  The Risk of Maintaining Class Action Status

The risk of maintaining class action status through trial supports preliminary approval. Counsel Decl. ¶¶ 15-16. A class has not been certified in this case, and Apple will oppose certification if the case proceeds. *See In re Netflix Privacy Litig.*, No. 5:11-CV-00379 EJD, 2013 WL 1120801, at *6 (N.D. Cal. Mar. 18, 2013). Indeed, Apple would argue that individual questions predominate over common questions with regard to exposure, reliance, materiality, causation, and injury. Although Plaintiffs assert that certification for litigation is appropriate here, the risk remains that the Court could refuse to certify a class. In that event, putative class members would receive nothing. And even if the Court did certify a litigation class, Plaintiff would still face potential review on appeal, and would need to prove their claims at trial, which carries serious expense and further delay—potentially delaying recovery for years. Likewise, Plaintiffs would continue to face the risk that a "district court may decertify a class at any time." *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 966 (9th Cir. 2009). The Proposed Settlement allows Plaintiffs and Settlement Class Members to avoid these risks, additional expenses, and delays in favor of immediate recovery.

### c.  The Amount Offered in Settlement

Plaintiffs and their counsel secured for the Settlement Class a gross Settlement fund of $35,000,000, which is reasonable in relation to potential trial damages for the Settlement Class.

14

PLAINTIFFS' NOTICE OF MOTION AND UNOPPOSED MOTION
FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT
CASE NO. 4:19-cv-02455-JST

As discussed above, after mediation with Mr. Wulff and analysis of the facts and risks, the Plaintiffs concluded that it was appropriate to define a Settlement Class of iPhone 7 and 7 Plus owners nationwide who allegedly experienced a manifestation of the Defect and who contacted Apple regarding the Covered Issue. Thus, the recovery under this Settlement is different than recovery at trial based on Plaintiffs' complaint. But settling on these bases avoids the more significant risks associated with seeking certification of or trying claims by consumers who never experienced any alleged audio issue and who enjoyed full use of their iPhone.

The Settlement ensures payment of up to $349 through a straightforward process to any consumer who paid out-of-pocket expenses allegedly related to a Covered Issue. This figure is intended to compensate such consumers, because it is designed to track the average out-of-pocket expenses related to repairing or replacing an iPhone allegedly experiencing one of the Covered Issues.  Apple's data shows that, on average, following alleged manifestation, customers paid $193 in out-of-pocket expenses to Apple for repairs or replacements allegedly related to the Covered Issues. Additional benefits are reserved for those who contacted Apple allegedly regarding a Covered Issue but did not pay for repairs or replacements. These consumers may receive up to $125.

This tiered allocation plan ensures that consumers are reasonably compensated for Covered Issues they allegedly experienced with their iPhones and, where applicable, their out-of-pocket payments.  The plan also reasonably compares to any recovery that could be awarded to compensate for Covered Issues they allegedly experienced without related out-of-pocket costs. The Settlement benefits available to OOP Payees amount to 180% of the total average costs paid by them to Apple related to Covered Issue.

### d.    Extent of Discovery Completed and Stage of Proceedings

The Parties have been engaged in discovery since 2021, document production and review are substantially complete (with hundreds of thousands of pages produced and reviewed), and all of the named Plaintiffs had been deposed at the time the Parties engaged in the mediation that

15

PLAINTIFFS' NOTICE OF MOTION AND UNOPPOSED MOTION
FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT
CASE NO. 4:19-cv-02455-JST

resulted in the Proposed Settlement. *See* Counsel Decl. ¶¶ 7-8. Plaintiffs have conducted sufficient discovery, including from Apple and third-party retailers, to permit Plaintiffs' counsel and the Court to intelligently and fairly evaluate the fairness and adequacy of the Settlement. This favors preliminary approval.

### e. Views of Class Counsel

Proposed Class Counsel, who are experienced in consumer class action litigation, believe the Proposed Settlement represents an outstanding recovery for the Settlement Class given the risks of continuing the litigation. Counsel Decl. ¶¶ 15-16. "Great weight is accorded to the recommendation of counsel, who are most closely acquainted with the facts of the underlying litigation." *Nat'l Rural Telecomm. Coop. v. DirecTV, Inc.*, 221 F.R.D. 523, 528 (C.D. Cal. 2004).

### f. Government Participation, Class Member Reactions, and Other Cases Affected

There is no government participant and, because the Court has not yet approved Notice, the Settlement Class has not had an opportunity to react, so these factors are neutral. *See Hillman v. Lexicon Consulting, Inc.*, 2017 WL 10433869, at *8 (C.D. Cal. April 27, 2019). Moreover, Class Counsel is aware of no other cases that will be affected by the Settlement. Counsel Decl. ¶ 27; *see also* Guideline 1(d).

### 3. The Proposed Settlement treats Settlement Class Members equitably.

The Proposed Settlement provides benefits to all Settlement Class Members who submit valid payment information, without any preferential treatment of Class Representatives or any segment of the Settlement Class. *See* Fed. R. Civ. P. 23(e)(2)(D). Specifically, all Settlement Class Members who submit valid payment information will receive cash payments that are proportionate to the type of injury allegedly suffered. OOP Payees will be paid between $50 and $349, while Complainants—who did not pay any out-of-pocket expenses allegedly due to a Covered Issue—will receive up to $125. Each OOP Payee will receive the same amount under the Settlement as other OOP Payees, and each Complainant will receive the same amount as other Complainants.

This plan of allocation protects the interests of all parties by directing relief to the most significantly impacted Settlement Class Members—awarding more to OOP Payees, while also paying Complainants. *See In re MacBook Keyboard Litig.*, 2022 WL 17409738, at *6 (preliminarily approving allocation plan which "divide[s] Claimants into three groups which are based on the extent of Settlement Class Members' injuries . . . . Compensation varies by group, with those who have experienced the greatest harm in Group 1 being compensated the greatest amount"); *In re Nexus 6P Prod. Liab. Litig.*, 2019 WL 6622842, at *9 ("The plan divides claimants into different groups based on the relative size of their potential claims and distributes funds based on these groups.").

Class Counsel intends to apply for a $3,000 service award for each of the Plaintiffs as Class Representatives for their dedication to and time expended during this litigation and in furtherance of putative class members' interests. Such service awards "are fairly typical in class action cases" and are intended to compensate class representatives for work done on behalf of the class, to make up for financial or reputational risk undertaken in bringing the action, and, sometimes, to recognize their willingness to act as a private attorney general." *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 958-59 (9th Cir. 2009). The service awards are appropriate given the effort expended by the class representatives, including sitting for day-long depositions. *See, e.g.*, *In re Apple Inc. Device Performance Litig.*, No. 5:18-md-02827-EJD, 2023 WL 2090981, at *19 (N.D. Cal. Feb. 17, 2023) (granting $3,500 service awards for each plaintiff who sat for their deposition). Such a service award, if awarded here, would not constitute preferential treatment. Plaintiffs were not promised that they would receive such an award for their participation in this litigation, and their agreement to serve as class representatives was not conditioned on receiving such an award. Counsel Decl. ¶ 34. If granted, such an award would be offered for the significant time the Class Representative expended in this litigation, working tirelessly on behalf of the Class; it would be separate from and not replace their recovery as Settlement Class Members, should they qualify. *See id.* ¶¶ 28-33.

Because all Settlement Class Members, including the named Plaintiffs, are treated in an equitable manner under the Settlement, based upon the submission of valid payment information, this factor weighs in favor of preliminary approval.

### 4.     The proposed Fee and Expense Award is fair and reasonable.

Class Counsel intends to seek $8,750,000 in attorneys' fees and expenses, which represents a 25% benchmark. Should the Court award Class Counsel attorneys' fees and expenses, they will be paid from the Settlement Fund. However, the Settlement is not contingent on Class Counsel's fee and expense request, and the Settlement will remain intact regardless of the amount of fees and expenses ultimately awarded. Further, the $35,000,000 gross Settlement fund is designed to contain funds sufficient to pay administrative costs and cover Class Counsel's requested fees and expenses, while still ensuring that the Settlement Class is fairly and adequately compensated. Apple reserves the right to object to or oppose Class Counsel's requests for attorneys' fees and expenses.

Courts routinely favor parties who fully negotiate and finalize Settlement terms with non-contingent class counsel fees. *E.g., In re Volkswagen "Clean Diesel" Mktg., Sales Practices & Prod. Liab. Litig.*, MDL No. 2672 CRB, 2016 WL 6248426, at *23 (N.D. Cal. Oct. 25, 2016). Here, while an award of reasonable attorneys' fees and expenses affects the net Settlement amount, Class Counsel intend only to seek an award of fees and expenses that would ensure the Settlement Class may still be fairly compensated, while weighing the risks borne and significant work and time expended by Class Counsel in this multi-year litigation. *See In re Wells Fargo & Co. Shareholder Derivative Litig.*, 445 F. Supp. 3d 508, 519 (N.D. Cal. 2020) ("For more than two decades the Ninth Circuit has set the benchmark for an attorneys' fee award in a successful class action at twenty-five percent of the entire common fund.") (Tigar, J.) (internal quotation marks omitted); *Bakhtiar v. Info. Res., Inc.*, No. 17-cv-04559-JST, 2021 WL 4472606, at *7 (N.D. Cal. Feb. 10, 2021) (same) (Tigar, J.). The Settlement is not contingent on Class Counsel's fees and

18

PLAINTIFFS' NOTICE OF MOTION AND UNOPPOSED MOTION
FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT
CASE NO. 4:19-cv-02455-JST

expenses and will ensure the Settlement Class is fairly compensated regardless of the fees and expenses ultimately awarded. Accordingly, this favors preliminary approval.

### B.    The Court Should Certify the Settlement Class for Settlement Purposes.

Certification of a settlement class is a "two-step process." *In re Volkswagen "Clean Diesel" Mktg., Sales Practices & Prod. Liab. Litig.*, No. 2672 CRB, 2016 WL 4010049, at *10 (N.D. Cal. July 26, 2016) (citing *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 613 (1997)). First, the court must determine that the proposed settlement class satisfies the four requirements of Rule 23(a). *Id.* The court then must examine whether a "class action may be maintained under [Rule 23(b)]." *Id.* (citing *Amchem Prods.*, 521 U.S. at 613). Unlike other class actions, however, when presented with a class action settlement, the court need not consider manageability concerns. *Amchem Prods.*, 521 U.S. at 620.

#### 1.    The Settlement Class meets the requirements of Rule 23(a).

##### a.    *The Settlement Class is sufficiently numerous.*

Rule 23(a)(1) requires that a class be sufficiently numerous so as to make joinder of all class members impracticable. Fed. R. Civ. P. 23(a)(1). "Although there is no exact number, some courts have held that numerosity may be presumed when the class comprises forty or more members." *Bailey v. Rite Aid Corp.*, 338 F.R.D. 390, 398 (N.D. Cal. 2021) (citation omitted). Here, Apple has received 2,030,595 unique complaints from iPhone 7 and 7 Plus owners regarding Covered Issues across the United States. Among these iPhone owners, approximately 113,000 paid out of pocket for a repair or replacement ("OOP Payees"). Counsel Decl. ¶ 18. The total Settlement Class, including the categories of Settlement Class Members, are so substantial that joinder is impracticable.

##### b.    *There are common questions of law and fact.*

Rule 23 also requires that there be "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). A common question must be of "such nature that it is capable of class-wide resolution—which means that the determination of its truth or falsity will resolve an issue that is

Plaintiffs' Notice of Motion and Unopposed Motion
for Preliminary Approval of Class Action Settlement
Case No. 4:19-cv-02455-JST

central to the validity of each of the claims in one stroke." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). The commonality requirement should be "construed permissively," and is satisfied when class members share 'some . . . legal issues or a common core of facts.'" *J.L. v. Cissna*, No. 18-cv-04914-NC, 2019 WL 415579, at *9 (N.D. Cal. Feb. 1, 2019) (quoting *Rodriguez v. Hayes*, 591 F.3d 1105, 1122 (9th Cir. 2010)). Here, whether the iPhone 7 and 7 Plus contained the alleged defect, whether Apple had knowledge of the alleged defect, and whether Apple had a duty to disclose the alleged defect are common questions affecting the putative class. Hence, commonality is satisfied.

                *c.*      *The named Plaintiffs' claims are typical of other Class Members' claims.*

Rule 23(a)(3) requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class," and "assure[s] that the interest of the named representative[s] align[] with the interests of the class," *Wolin v. Jaguar Land Rover N. Am., LLC*, 617 F.3d 1168, 1175 (9th Cir. 2010) (citation omitted). This requirement, like commonality, is "permissive and requires only that the representative's claims are reasonably co-extensive with those of absent class members; they need not be substantially identical." *Rodriguez v. Hayes*, 591 F.3d at 1124 (citation and internal quotation marks omitted); *see also Stearns v. Ticketmaster Corp.*, 655 F.3d 1013, 1019 (9th Cir. 2011) (noting that typicality is "satisfied when each class member's claim arises from the same course of events and each class member makes similar legal arguments to prove the defendant's liability"). Here, all Plaintiffs' claims arise from the same course of conduct. Because all Settlement Class Members purchased an iPhone 7 or 7 Plus and allegedly experienced a Covered Issue, all "the named plaintiffs have the same or similar [alleged] injury as the unnamed [Settlement Class Members]." *Keilholtz v. Lennox Hearth Prod. Inc.*, 268 F.R.D. 330, 337 (N.D. Cal. 2010). Accordingly, Plaintiffs' experiences are typical of the Settlement Class Members' experiences, and their alleged injuries are similar. *See id.* at 338.

1

       *d.*     *The Class Representatives and Class Counsel will continue to*

2

      *fairly and adequately protect the Settlement Class's interests.*

3       The adequacy requirement of Rule 23 demands that "the representative parties will fairly

4  and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Courts employ a two-

5  pronged approach to analyze adequacy, examining whether "the named plaintiffs and their counsel

6  have any conflicts of interest with other class members" and whether "the named plaintiffs and

7  their counsel [will] prosecute the action vigorously on behalf of the class." *Evon v. Law Offices of*

8  *Sidney Mickell*, 688 F.3d 1015, 1031 (9th Cir. 2012) (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d

9  1011, 1020 (9th Cir. 1998)). Plaintiffs and their counsel meet both these requirements.

10      Plaintiffs' interests are perfectly aligned with those of putative class members because their

11  individual class claims arise from the same alleged issues and course of conduct. *See supra* Section

12  V.B.1.c. There are no conflicts between Plaintiffs' claims and those of Settlement Class Members.

13  Plaintiffs played an active role throughout this litigation by reviewing filings, answering discovery,

14  preparing for and sitting for depositions, staying informed of new developments in this Action,

15  and discussing the Proposed Settlement with their counsel to ensure the Proposed Settlement fairly

16  compensates Settlement Class Members. Counsel Decl. ¶¶ 28-32. s*ee also Clemens v. Hair Club*

17  *for Men, LLC*, No. C 15-01431 WHA, 2016 WL 1461944, at *2-3 (N.D. Cal. Apr. 14, 2016); *Cole*

18  *v. Asurion Corp.*, 267 F.R.D. 322, 327-28 (C.D. Cal. 2010). Since the inception of this litigation,

19  Plaintiffs zealously acted in the interests of the Class as a whole and will continue to protect the

20  interests of the Settlement Class through final approval. *See* Counsel Decl. ¶¶ 28-32.

21      Likewise, Plaintiffs' counsel are committed to continuing to pursue this Action on behalf

22  of Plaintiffs' and the Settlement Class Members' interests. *Id.* ¶ 5. Plaintiffs' counsel—Milberg

23  Coleman Bryson Phillips Grossman, PLLC ("Milberg") and Tycko & Zavareei LLP—have

24  extensive experience in complex and class action litigation. *Id.* ¶¶ 39-41. Plaintiffs' counsel seek

25  appointment as Class Counsel under Rule 23(g). Plaintiffs' counsel have demonstrated their skill

26  and experience throughout this litigation by successfully staving off multiple motions to dismiss,

27

as well as expending significant time and effort in discovery in an effort to prepare to seek certification and, if necessary, to proceed to trial on behalf of the Class. Plaintiffs' counsel retained and interfaced with qualified experts regarding the alleged challenged conduct in this case and to prepare to seek class certification. In addition to their extensive class action and complex litigation experience, including in litigating consumer product class actions like this one, Plaintiffs' counsel brought their significant resources to bear in vigorously representing the interests of Plaintiffs and putative class members—and they will continue to do so on behalf of the Settlement Class through final approval and the disbursement of relief to the Settlement Class. The Court should appoint Plaintiffs' counsel as Class Counsel, and should find that the adequacy requirement of Rule 23 has been met.

## 2.    The Settlement Class Meets the Requirements of Rule 23(b)(3).

### a.    *Common issues of law and fact predominate.*

Rule 23(b)(3) first requires "predominance," which tests the cohesion of the class, "ask[ing] whether the common, aggregation-enabling, issues in the case are more prevalent or important than the non-common, aggregation-defeating, individual issues.'" *Tyson Foods, Inc. v. Bouaphakeo*, 577 U.S. 442, 453 (2016) (citation omitted). Predominance is ordinarily satisfied, for settlement purposes, when the claims arise out of the defendant's common conduct. *Gold v. Lumber Liquidators, Inc.*, 323 F.R.D. 280, 288 (N.D. Cal. 2017) (predominance satisfied where claims were based on "the same deceptive conduct"); *Kacsuta v. Lenovo (U.S.) Inc.*, No. SACV 13-00316-CJC(RNBx), 2014 WL 12585783, at *3 (C.D. Cal. 2014) (common issues "significantly outweigh any individual questions" where the claims arise out of the "same alleged course of conduct" by the defendant).

This Settlement Class is cohesive: All Settlement Members purchased an iPhone 7 or 7 Plus that allegedly contain a common audio defect that Apple is alleged to have known about and failed to disclose, and the common questions noted above present a significant aspect of litigation and predominate. *See, e.g., Allagas v. BP Solar Int'l*, No. 3:14-cv-00560-SI (EDL), 2016 WL

9114163, at *3-4 (N.D. Cal. Dec. 22, 2016) (finding common issues, including alleged common design defect, defendant's alleged knowledge of the defect, and defendant's alleged failure to disclose known information about the defect, predominate). Thus, common questions predominate for settlement purposes.

> b.   *A class action is the superior method for adjudicating, and settling, the Plaintiffs' and the Class's claims.*

Rule 23(b)(3)'s superiority requirement inquires "whether the objectives of the particular class action procedure will be achieved in the particular case," *Hanlon*, 150 F.3d 1011 at 1023, and whether maintaining the "litigation as a class action is efficient and . . . fair." *Wolin*, 617 F.3d at 1175-76 (citation omitted). Pursuant to the rule, a court must consider four factors for this inquiry: (1) class members' interests in individually controlling separate actions; (2) the extent and nature of any litigation concerning the controversy already commenced by or against the class; (3) the desirability of maintaining the litigation in the particular forum; and (4) the difficulties likely to be encountered in managing a class action. Fed. R. Civ. P. 23(b)(3). All four factors favor certification of the Settlement Class here.

*First*, the price of the subject iPhones—starting at $649 for the iPhone 7 and $769 for the iPhone 7 Plus when they were first launched[3]—is not significant enough to provide the financial incentive necessary for individual consumers to pursue this action. *Mazza v. Am. Honda Motor Co.*, 254 F.R.D. 610, 628 (C.D. Cal. 2008) (finding that "the individual class members do not have a strong interest in controlling the litigation" when "the potential damages for each class member are approximately $4,000"). Moreover, a single claimant would likely lack the ability to undertake the significant costs associated with such individual litigation, which would still require substantial discovery and expert proof of liability. *See id.*

---

[3] Antonio Billas-Boas, *Here's how much the new iPhone 7 costs and when you can get it*, Business Insider (Sept. 7, 2016), https://www.businessinsider.com/apple-iphone-7-release-date-price-2016-9 (last visited May 25, 2023).

*Second*, "it does not appear that any members of the class have commenced any other litigation concerning the controversy alleged herein." *Menagerie Prods. v. Citysearch*, No. CV 08-4263 CAS (FMO), 2009 WL 3770668, at *19 (C.D. Cal. Nov. 9, 2009).

*Third*, "[c]lass action certifications to enforce compliance with consumer protection laws are 'desirable and should be encouraged.'" *Ballard v. Equifax Check Servs., Inc.*, 186 F.R.D. 589, 600 (E.D. Cal. 1999). This Action accomplishes that purpose.

*Fourth*, Plaintiffs' and the Class Members' ability to adjudicate all their claims efficiently in a unified mechanism highlight the superiority of the class action vehicle. *Wiener v. Dannon Co., Inc.*, 255 F.R.D. 658, 672 (C.D. Cal. 2009). "[P]ermitting the potential class members, who individually would be unable to vindicate their rights, to collectively assert their causes of action is consistent with the primary purpose of a Rule 23(b)(3) class action." *Id.* Accordingly, each of Rule 23(b)(3)'s superiority factors strongly favor certification.

### C.    The Proposed Notice Program Provides the Best Notice Practicable.

For a settlement class, the Court must "direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). Notice should "generally describe[] the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and come forward and be heard." *Churchill Village, L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004). The proposed notice program accomplishes that.

The Parties jointly developed the proposed notice program with the aid of the Settlement Administrator, Angeion Group, an experienced firm specializing in the management of class settlements. The Notice program includes an email, postcard, and long form notice, a toll-free phone number, and a comprehensive settlement website, all of which provide clear, complete instructions to Settlement Class Members of how to submit valid payment information. Notice will be sent to Settlement Class Members (1) by email, for Settlement Class Members for whom Apple has an email address, (2) by mail to Settlement Class Members for whom Apple does not have an

email address; and  (3) if the aforementioned two methods do not reach 90% of the Settlement Class, by supplemental notice via mail to Settlement Class Members whose emails returned a hard bounce back and for whom a mailing address can be located. Additionally, the Settlement Administrator will establish a case-specific toll-free number and a settlement website, to host important Settlement information. Long Form notices will be available on the settlement website and upon request from the Settlement Administrator. The notice program informs Settlement Class Members of their right to opt-out from or object to the Settlement. This notice program provides for the best notice practicable under the circumstances and meets the requirements of Rule 23(c)(2)(B).

Further, Apple will provide notice to all necessary government officials, as required by CAFA. Upon the filing of this Motion, "Apple will provide timely notice . . . as required by 28 U.S.C. § 1715." SA § C.3; *see also* Weisbrot Decl. ¶ 28; Guideline 10.

## VI.     CONCLUSION

For the reasons stated above, Plaintiffs respectfully request that the Court (1) preliminarily approve the Proposed Settlement; (2) certify the Settlement Class; (3) direct notice to the Settlement Class through the proposed notice program; (4) appoint Plaintiffs' counsel as Class Counsel and Plaintiffs as Class Representatives; and (5) schedule the final approval hearing.


Dated: May 25, 2023

/s/ *William A. Ladnier*
William A. Ladnier (CA Bar No. 330334)
wladnier@milberg.com
Gregory F. Coleman*
gcoleman@milberg.com
Adam A. Edwards
aedwards@milberg.com
**MILBERG COLEMAN BRYSON**
      **PHILLIPS GROSSMAN, PLLC**
800 S. Gay Street, Suite 1100
Knoxville, TN 37929
Tel: (865) 247-0080
Fax: (865) 522-0049

Andrea R. Gold*

25

agold@tzlegal.com
Hassan A. Zavareei (CA Bar No. 181547)
hzavareei@tzlegal.com
Allison Parr*
aparr@tzlegal.com
**TYCKO & ZAVAREEI LLP**
2000 Pennsylvania Avenue NW, Suite 1010
Washington, DC  20006
Tel: (202) 973-0900
Fax: (202) 973-0950

Annick Persinger (CA Bar No. 272996)
**TYCKO & ZAVAREEI LLP**
1970 Broadway, Suite 1070
Oakland, CA 94612
Tel: (510) 254-6808

* *Admitted pro hac vice*

*Attorneys for Plaintiffs
and the Proposed Settlement Class*

26

## CERTIFICATE OF SERVICE

I, William A. Ladnier, hereby certify that on May 25, 2023, I caused a true and correct copy of the foregoing Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement to be served upon the following by electronic mail:

Arturo J. González
agonzalez@mofo.com
Penelope A. Preovolos
ppreovolos@mofo.com
Alexis A. Amezcua
aamezcua@mofo.com
Camila A. Tapernoux
ctapernoux@mofo.com
Ashley Quinn
aquinn@mofo.com
Zachary Maldonado
zmaldonado@mofo.com
**MORRISON & FOERSTER LLP**
425 Market Street
San Francisco, CA 94105-2482
Tel: (415) 268-7000
Fax: (415) 268-7522


/s/ *William A. Ladnier*
William A. Ladnier

PLAINTIFFS' NOTICE OF MOTION AND UNOPPOSED MOTION
FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT
CASE NO. 4:19-cv-02455-JST

**APPENDIX A**

**CHART OF COMPARABLE SETTLEMENTS**

| Case | Fund | Class Size | Type of Claims | Claims Rate and Other Information[1,2] |
|---|---|---|---|---|
| *In re Apple iPhone/iPod Warranty Litigation,* No. CV-10-01610, 2014 WL 12640497 (N.D. Cal. May 8, 2014); Stipulation of Settlement and Release of Claims, 2013 WL 3328448 (N.D. Cal. May 28, 2013); ECF No. 146; ECF No. 154 | $53,000,000 | Approx. 152,000 class devices | Declaratory relief; breach of express warranty; Song-Beverly Consumer Warranty Act; fraud; CLRA; UCL; unjust enrichment | Type of notice: direct and publication<br><br>Claims: approx. 40,000<br><br>Claims rate: approx. 2.6%<br><br>Approx. $241 per class device<br><br>Attorneys' fees: 25%<br><br>Admin. costs not paid from settlement fund |
| *In re Nexus 6P Products Liability Litigation,* No. 17-cv-02185-BLF, 2019 WL 6622842 (N.D. Cal. Nov. 12, 2019); ECF No. 233; ECF No. | $9,750,000 | Approx. 500,000 | Breach of express warranty; breach of implied warranty of merchantability; Magnuson-Moss Warranty Act; | Type of notice: direct and publication<br><br>Notice sent to 383,808 class members<br><br>Claims: 92,474 |

---

[1] To be clear, the instant settlement does not include a claims process, but rather only requires that Settlement Class Members submit their payment information.

[2] The settlement in *In re Apple iPhone/iPod Warranty Litigation* required settlement class members to release "any known or unknown claims, which they have or may claim now or in the future to have, that were or could have been alleged or asserted against [Apple]." No. 3:10-cv-01610-RS, ECF No. 76-1, at 26. The settlement in *In re Nexus 6P Products Liability Litigation* required settlement class members to release *all* claims "that [had] been asserted or could have been asserted in the Action relating to the Nexus 6P." No. 5:17-cv-02185-BLF, ECF No. 194-2, at 12. The settlement in *In re Macbook Keyboard Litigation* required settlement class members to release *all* claims "asserted or unasserted, regardless of legal theory, arising out of the facts underlying the Action and the [companion] Action, against Apple." No. 5:18-cv-02813-EJD, ECF No. 410-1, at 5.

| Case | Fund | Class Size | Type of Claims | Claims Rate and Other Information[1,2] |
|---|---|---|---|---|
| 238; ECF No. 240-1; ECF No. 241 | | | Song-Beverly Consumer Warranty Act; UCL; fraud by omission; CLRA; fraudulent concealment | Claims rate: 18.49%<br><br>Average payment of $76.53 per claimant; median $29.11 per claimant<br><br>Attorneys' fees: 30%<br><br>Admin. costs of approx. $302,000<br><br>*Cy pres*: $132,920.62 |
| *In re MacBook Keyboard Litigation*, No. 5:18-cv-02813-EJD, 2022 WL 17409738 (N.D. Cal. Dec. 2, 2022); ECF No. 445 | $50,000,000 | Approx. 15,000,000 class devices | Fraudulent concealment; Song-Beverly Consumer Warranty Act; a number of consumer protection claims including the CLRA and UCL | Type of notice: direct<br><br>Notice sent to 14,359,253 class members<br><br>Claims: approx. 86,117*<br><br>Claims rate: approx. 0.57%*<br><br>Estimated payments of $300 for Group 1, $125 for Group 2, and $50 for Group 3*<br><br>Attorneys' fees: 30%*<br><br>Admin. cost cap: estimated $1,400,000<br><br>*Pending final approval |