# EXHIBIT 1

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Agreement") is made and effective as of ___May 25, 2023___ (the "Settlement Date"), by and between (a) Apple Inc., a California corporation with offices at 1 Apple Park Way, Cupertino, California 95014, ("Apple"); and (b) Plaintiffs Lisa Tabak, De'Jhontai Banks, Matthew White, Kelly Camelo-Cenicola, Nestor Trujillo, and Christine Clemence ("Plaintiffs" or "Named Plaintiffs" or "Class Representatives"), individually and as representatives of the Settlement Class as defined below, (collectively, the "Parties") in accordance with the terms and conditions set forth below.

**DEFINITIONS**

As used herein, the following terms have the meanings set forth below:

1.      "Apple Counsel" shall mean Apple's counsel of record in this Lawsuit.

2.      "Attorneys' Fees and Expense Award" shall mean the amount of attorneys' fees and reimbursement of costs and expenses awarded to Class Counsel by the Court from the Settlement Fund.

3.      "Class Representatives" or "Plaintiffs" or "Named Plaintiffs" means Lisa Tabak, De'Johntai Banks, Matthew White, Kelly Camelo-Cenicola, Nestor Trujillo, and Christine Clemence.

4.      "Class Payment" shall mean the share of the Net Settlement Fund provided to each Settlement Class Member pursuant to the Plan of Allocation described herein.

5.      "Complainant" shall mean Class Members who complained to Apple about a Covered Issue, but who did not pay out of pocket to Apple for a repair or replacement for that issue.

6.      "Covered Issue(s)" shall mean issues reported to Apple regarding the iPhone 7 and iPhone 7 Plus reflected in Apple's records as Sound-Speaker, Sound-Microphone, Sound – Receiver, Unexpected Restart / Shutdown, or Power On – Device Unresponsive.

7.      "Effective Date" shall mean the first day after which all of the following events and conditions of this Settlement Agreement have occurred or have been met: (a) the Court has entered a Final Approval Order approving the Settlement, and (b) the Court has entered judgment that has become final ("Final") in that the time for appeal or writ of certiorari has expired or, if an appeal or writ of certiorari is taken and the Settlement is affirmed, the time period during which further petition for hearing, appeal, or writ of certiorari can be taken has expired. In the event of an appeal or other effort to obtain review, the Parties may agree jointly in writing to deem the Effective Date to have occurred; however, there is no obligation to agree to advance the Effective Date. Any order or proceeding relating to the application for an Attorneys' Fee and Expense Award and Service Awards, the pendency of any such application, or any appeal from any such order, shall not operate to terminate or cancel this Settlement Agreement, or affect or delay the finality of any judgment approving the settlement.

1

*CONFIDENTIAL DRAFT/SETTLEMENT COMMUNICATION - EVIDENCE CODE SECTION 1152*

8.      "Escrow Account" means an interest-bearing escrow account at Huntington National Bank that receives the Gross Settlement Amount and is administered by the Settlement Administrator.

9.      "Final Approval Hearing" means the hearing at or after which the Court will determine whether to finally approve the Settlement. The Final Approval Hearing must occur at least 35 days after the Objection and Exclusion deadline, on such date as set by the Court.

10.      "Final Approval Order" means the final order to be submitted to the Court in connection with the Final Approval Hearing.

11.      "Final Judgment" means the judgment finally approving the Settlement and dismissing with prejudice the claims of the Settlement Class Members.

12.      "Full Class Notice" shall mean the notice that will be posted on the Settlement website and mailed to any member of the Settlement Class who requests a hard copy, substantially in the form attached hereto as Exhibit A.

13.      "Lawsuit" shall mean the litigation first filed on May 6, 2019 styled *Casillas et. al. v. Apple*, Case No. 3:19-cv-02455 (N.D. Cal.), and in which First and Second Amended Complaints were filed styled as *Tabak et. al. v. Apple*, Case No. 3:19-cv-02455 (N.D. Cal.) and *Tabak et. al. v. Apple*, Case No. 4:19-cv-02455 (N.D. Cal.) respectively.

14.      "Net Settlement Fund" means the Settlement Fund, reduced by the sum of the following amounts: (1) the costs of notice and the costs of administering the settlement, as set forth in Section F below; and (2) any Attorneys' Fees and Expense Award to Class Counsel awarded by the Court, and any Service Award to the Class Representatives awarded by the Court, as set forth in Section G below, and any taxes owed by the Gross Settlement Fund (but not any taxes owed by any individual Settlement Class Counsel, Plaintiffs, or Settlement Class Members).

15.      "Notice" shall mean the email and postcard notices to be distributed to members of the Settlement Class in connection with the Settlement, substantially in the form attached hereto as Exhibits B and C, and as set forth in Section F below, as well as the Full Class Notice substantially in the form attached hereto as Exhibit A, available on the Settlement website and in hard copy upon request.

16.      "Notice Date" shall mean the date set forth in the Preliminary Approval Order for commencing the transmission of Email and Postcard Notice. The Notice Date must occur no later than 30 days after Apple transmits the Settlement Class member list to the Settlement Administrator, or on such date as set by the Court.

17.      "Objection and Exclusion Deadline" shall mean the date by which a Settlement Class Member must submit an Objection to this Agreement to the Court or an Opt-Out Form to the Settlement Administrator. The Objection and Exclusion Deadline shall be 105 days after the Notice Date.

18.      "Out of Pocket Payees" or "OOP Payees" shall mean members of the Settlement Class who paid Apple for a repair or replacement for a Covered Issue.

19.     "Plaintiffs' Counsel" or "Class Counsel" shall mean Gregory F. Coleman, Adam A. Edwards, and William A. Ladnier of Milberg Coleman Bryson Phillips Grossman, PLLC and Andrea R. Gold, Hassan A. Zavareei, and Allison W. Parr of Tycko & Zavareei LLP.

20.     "Preliminary Approval Order" means the order preliminarily approving the settlement and providing for notice to the Settlement Class, the proposed form of which is attached hereto as Exhibit D.

21.     "Response Deadline" shall mean the date by which a Settlement Class Member must submit their payment information. The Response Deadline shall be 105 days after the Notice Date.

22.     "Settlement" or "Settlement Agreement" shall mean this agreement and the settlement and release described herein.

23.     "Settlement Administrator" shall mean Angeion, an independent settlement administrator, subject to the approval of the Court.

24.     "Service Award" means the award sought by each Class Representative—and subsequently approved by the Court—in consideration for their service during the course of the Lawsuit.

25.     "Settlement Class" shall mean individual persons who are United States residents and who own or owned an Apple iPhone 7 or 7 Plus and reported to Apple in the United States Covered Issues, including but not limited to those who paid Apple out of pocket for repairs or replacements for Covered Issues as reflected in Apple's records. The Settlement Class excludes Apple; any entity in which Apple has a controlling interest; Apple's directors, officers, and employees; Apple's legal representatives, successors, and assigns. Also excluded from the Settlement Class are all judicial officers assigned to this case as well as their staff and immediate families.  The Class Period shall be September 16, 2016, to January 3, 2023.

26.     "Settlement Class Member" means every member of the Settlement Class who does not validly and timely request exclusion from the Settlement Class.

27.     "Settlement Date" shall mean the date that this Settlement Agreement becomes fully executed.

28.     "Settlement Fund" means a non-reversionary cash fund in the amount of $35,000,000.00 to be paid by Apple in accordance with the terms of this Settlement Agreement.

**RECITALS**

This Agreement is made for the following purposes and with reference to the following facts:

WHEREAS, a putative class action complaint was filed against Apple on May 6, 2019, in *Casillas et. al. v. Apple*, Case No. 3:19-cv-02455 (N.D. Cal.), asserting claims for breach of express and implied warranty, negligent misrepresentation, unjust enrichment, and violations of

3

*CONFIDENTIAL DRAFT/SETTLEMENT COMMUNICATION - EVIDENCE CODE SECTION 1152*

the Magnuson-Moss Warranty Act, the Song-Beverly Consumer Warranty Act, and California consumer protection statutes; a First Amended Complaint was filed on July 25, 2019 adding certain named Plaintiffs and claims and removing Mr. Casillas (*Tabak et. al. v. Apple*, Case No. 3:19-cv-02455 (N.D. Cal.)), which Apple moved to dismiss; a Second Amended Complaint was filed on February 20, 2020 (*Tabak et. al. v. Apple*, Case No. 4:19-cv-02455 (N.D. Cal.)), adding Plaintiff Clemence, which Apple moved to dismiss. The Court granted-in-part and denied-in-part Apple's Motion to Dismiss the Second Amended Complaint on November 25, 2020 (ECF 90);

WHEREAS, Plaintiffs sought to represent a nationwide class of "All persons or entities in the United States that purchased an Apple iPhone 7 or 7 Plus" or, in the alternative, five state subclasses of persons or entities in California, Illinois, New York, Florida, and Tennessee that purchased an Apple iPhone 7 or 7 Plus;

WHEREAS, the Parties have investigated the facts and analyzed the relevant legal issues regarding the claims and defenses asserted in this Lawsuit, including through significant motion practice and extensive fact and expert discovery;

WHEREAS, no litigation class has been certified in the Lawsuit;

WHEREAS, the parties conducted a mediation with Randall Wulff in November 2022 and continued to discuss settlement thereafter;

WHEREAS, Plaintiffs are represented by Andrea R. Gold, Hassan A. Zavareei, and Allison W. Parr of Tycko & Zavareei LLP, and Gregory F. Coleman, Adam A. Edwards, and William A. Ladnier of Milberg Coleman Bryson Phillips Grossman, PLLC.

WHEREAS, Plaintiffs' Counsel currently have no other clients who claim to have experienced the alleged audio issues in iPhone 7 or 7 Plus that are the subject of the Lawsuit and who have expressed interest in filing claims related to the alleged audio issues in iPhone 7 or 7 Plus;

WHEREAS, Apple disputes Plaintiffs' contentions, denies any legal violation or liability, and continues to deny that Plaintiffs' claims and allegations would be suitable for class action status;

WHEREAS, to avoid further costs of litigation, and without admitting liability, Apple and Plaintiffs, individually and as representatives of the Settlement Class as defined below, (collectively, the "Parties") now wish to settle the Lawsuit in its entirety as to the Plaintiffs, the Settlement Class Members, and Apple with respect to all claims arising out of the facts underlying the Lawsuit. The Parties intend this Agreement to bind Plaintiffs (both as the Class Representatives and individually), Apple, Class Counsel, and Settlement Class Members.

NOW, THEREFORE, for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, and intending to be legally bound hereby, the Parties agree as follows:

**TERMS**

**A.      Confidentiality**

1.      The Parties, Class Counsel, and Apple Counsel agree that until publication of this Settlement Agreement by submission to the Court, the terms of this Settlement Agreement and all associated documents and communications, including the negotiations leading to the execution of the Settlement Agreement and all submissions and arguments related to the mediation proceedings, shall not be disclosed by the Parties, Class Counsel, and Apple Counsel other than as necessary to finalize the Settlement and Notice. Upon publication of the Settlement Agreement by submission to the Court, the nondisclosure obligations set forth in this paragraph will no longer apply to the as-filed Settlement Agreement or the terms thereof, but such obligations will continue to apply to all other materials and information covered by this paragraph, including but not limited to any negotiations leading to the execution of this Settlement Agreement.

2.      Other than to a court in any case filing, the Parties, Class Counsel, and Apple Counsel agree not to initiate publicity regarding the settlement or submit information about the settlement to Jury Verdicts. Notwithstanding the foregoing, Class Counsel may list the Lawsuit on their law firm websites and publicity materials as a representative case along with a neutral and factual description of the subject matter of the Lawsuit, including the amount of the settlement. Any comments made by Class Counsel concerning the settlement or the Lawsuit, including in response to inquiries from the press, shall be in neutral terms to communicate that the Lawsuit has been resolved between the Parties and shall not contain inflammatory language about the Parties or their perceived conduct in the Lawsuit.

3.      The Parties will continue to comply with the Stipulated Protective Order in this Action, including with respect to the requirements of Paragraph 13 thereof, which govern the return or destruction of any material produced, submitted, or filed under seal under the Protective Order.

4.      If, through the actions of any of the Parties or their counsel, this Settlement Agreement and the proposed Settlement become public before the Motion for Preliminary Approval is filed with the Court, the responsible Party or counsel shall pay liquidated damages of Twenty-Five Thousand U.S. Dollars ($25,000.00) to the non-responsible Party.

**B.      Consideration for Settlement and Class Payments**

1.      Apple's total financial commitment under this Agreement shall be $35,000,000.00. Within 45 days after an order granting preliminary approval of this Settlement, Apple shall transfer $35,000,000.00 into the Escrow Account established by the Settlement Administrator for the Settlement Fund. The Settlement Administrator shall agree to hold the Settlement Fund in an interest bearing account and administer the Settlement Fund, subject to the continuing jurisdiction of the Court and from the earliest possible date, as a qualified settlement fund as defined in Treasury Regulation § 1.468B-1 *et seq*. The Settlement Administrator will thereafter manage distribution of the Settlement Fund. Any taxes owed by the Settlement Fund will be paid by the Settlement Administrator out of the Settlement Fund, and interest earned on the balance of the account will accrue to the Settlement Fund.

SF-5021618

2.      The Settlement Fund shall be applied as follows:

    a.      To pay the costs of notice and the costs of administering the Settlement, as set forth in Section F below;

    b.      to pay any approved Attorneys' Fees and Expense Award to Class Counsel and any Service Award to the Class Representatives, as set forth in Section G below;

    c.      to distribute the Net Settlement Fund to Settlement Class Members as set forth in Section B.4 below.

3.      The Net Settlement Fund will be distributed according to the following Plan of Allocation. OOP Payees who provide payment information will each receive an equal payment of at least $50 and no more than $349. Complainants who provide payment information will each receive an equal payment of up to $125, but in any event no higher than 75% of the payment amount paid to OOP Payees. Depending on the number of Settlement Class Members who provide payment information, this allocation is subject to modification by agreement of the Parties without further notice to members of the Settlement Class, provided any such modification is approved by the Court. Any such modification will, to the extent practicable, maintain the ratio of payment amounts to Complainants as compared to payment amounts to OOP Payees.

4.      Settlement Class Members will be required to provide their payment information by the Response Deadline as a condition of receiving payment under the Settlement. Settlement Class Members may elect to receive their payment by physical check, electronic check, Automated Clearing House ("ACH," a/k/a direct deposit). For those Settlement Class Members who provide their payment information, a transfer reflecting their payment shall be transmitted to the Settlement Class Members within 60 calendar days after the Effective Date.

5.      To the extent economically feasible, the Settlement Administrator shall follow up and communicate with Settlement Class Members who have not provided their payment information within 60 days of the Notice Date.

6.      To the extent economically feasible, the Settlement Administrator shall follow up and communicate with Settlement Class Members who have not cashed their checks or whose ACH transfer failed within 60 days of the payments being provided.

7.      Following distribution of the Settlement Fund as set forth above, if ACH transfers to Settlement Class Members fail after 120 days or checks attributable to Settlement Class Members remain uncashed after 120 days after the Class Payment is distributed pursuant to Section B.4 above, the funds attributable to those individuals shall be used to pay any unanticipated additional costs of settlement administration as set forth in Section F.6 below. Under no circumstances will settlement funds revert to Apple.

8.      In the event that unclaimed funds remain following the distribution of the Settlement Fund as set forth above in B.3 and B.7, the Parties agree to pay the unclaimed funds to a *cy pres* recipient. Subject to Court approval, the Parties propose Girls Who Code as the *cy pres*

recipient, whose work is closely related to the issues raised by this Lawsuit and/or furthers the objectives of this Settlement Agreement.

## C.    Obtaining Court Approval of the Agreement

1.    Settlement Class. Solely for the purposes of settlement and the proceedings contemplated herein, the Parties stipulate and agree that Plaintiffs will seek certification of the Settlement Class and appointment of Plaintiffs' counsel as Class Counsel, which Apple will not oppose. The certification of the Settlement Class shall be binding only with respect to the Settlement set forth in the Settlement Agreement.

2.    Class Counsel will draft the motion requesting issuance of the Preliminary Approval Order and will provide that draft to Apple Counsel of record in the Lawsuit at least seven days before filing. The motion shall be written in a neutral manner. Apple will not oppose the motion. Apple may, however, provide feedback concerning the motion, and Class Counsel will meet and confer with Apple in good faith regarding Apple's feedback.

3.    Upon filing of the motion requesting issuance of the Preliminary Approval Order, Apple will provide timely notice of such motion as required by the Class Action Fairness Act, 28 U.S.C. § 1711 *et seq.*

4.    In accordance with the schedule set in the Preliminary Approval Order, Class Counsel will draft the motion requesting final approval of the Settlement, the Proposed Final Approval Order and the Proposed Final Judgment, and will provide that draft to Apple Counsel at least seven days prior to filing.  The motion shall be written in a neutral manner. Apple may provide feedback concerning the motion, and Class Counsel will meet and confer with Apple in good faith regarding Apple's feedback.

5.    In the event that the Settlement Agreement is not approved, or in the event its approval is conditioned on any modifications (including modifications to the proposed form and method of notice) that are not acceptable to either Party, then (a) this Settlement Agreement shall be null and void and of no force and effect, (b) any payments of the Settlement Fund and any and all interest earned thereon less monies expended toward Settlement administration, shall be returned to Apple within 10 business days from the date the Settlement Agreement becomes null and void, and (c) any release shall be of no force or effect. In such event, the Lawsuit will revert to the status that existed before the Settlement Agreement's execution date, the Parties shall each be returned to their respective procedural postures so that the Parties may take such litigation steps that they otherwise would have been able to take absent the pendency of this Settlement, and neither the Settlement Agreement nor any facts concerning its negotiation, discussion, terms or documentation shall be admissible in evidence for any purpose in this Lawsuit or in any other litigation.

## D.    Objections

1.    Any Settlement Class Member who has not submitted a timely written request for exclusion and who wishes to object to the fairness, reasonableness, or adequacy of the Settlement, or to the requested attorneys' fees and expenses or service awards, must comply with the following requirements.

*CONFIDENTIAL DRAFT/SETTLEMENT COMMUNICATION - EVIDENCE CODE SECTION 1152*

2.    <u>Procedural Requirements</u>. Any objections from Settlement Class Members regarding the proposed Settlement Agreement must be submitted in writing to the Court. If a Settlement Class Member does not submit a timely written objection, the Settlement Class Member will not be able to participate in the Final Approval Hearing.

3.    <u>Deadline</u>. Objections must be submitted by the Objection and Exclusion Deadline.

a.    If submitted through ECF, objections must be submitted on the Objection and Exclusion Deadline by 11:59 p.m. Pacific Time.

b.    If submitted by U.S. mail, Objections must be postmarked by the Objection and Exclusion Deadline. The date of the postmark on the envelope containing the written statement objecting to the Settlement will be the exclusive means used to determine whether an Objection and/or intention to appear has been timely submitted. In the event a postmark is illegible or unavailable, the date of mailing will be deemed to be three days prior to the date that the Court posts the objection on the electronic case docket.

4.    <u>Mandatory Content</u>. All Objections must be in writing and must:

a.    Include the full name, address, telephone number, and email address of the objector and any counsel representing the objector;

b.    Clearly identify the case name and number: *Tabak et. al. v. Apple*, Case No. 4:19-cv-02455;

c.    Include information sufficient to verify that the objector is a Settlement Class Member;

d.    State whether the Objection applies only to the objector, to a specific subset of the class, or to the entire class;

e.    State the grounds for the Objection; and

f.    Be personally signed and dated by the objector.

5.    Settlement Class Members who fail to submit timely written Objections in the manner specified above shall be deemed to have waived any objections and shall be foreclosed from making any objection to the Agreement and the proposed Settlement by appearing at the Final Approval Hearing, or through appeal, collateral attack, or otherwise.

6.    Any objector who timely submits an Objection has the option to appear and request to be heard at the Final Approval Hearing, either in person or through the objector's counsel. Any objector wishing to appear and be heard at the Final Approval Hearing must include a Notice of Intention to Appear in the body of the objector's Objection. If an objector makes an Objection through an attorney, the objector shall be solely responsible for the objector's attorneys' fees and expenses. Counsel for any objector seeking to appear at the Final Approval Hearing must enter a Notice of Appearance no later than 14 days before that hearing.

7.      At no time shall any of the Parties or their counsel seek to solicit or otherwise encourage Class Members to submit written Objections to the Settlement or encourage an appeal from the Court's Final Approval Order.

8.      A Settlement Class member who objects to the Settlement may also submit payment information, which shall be processed in the same manner as all other payment information.

9.      The Class Representatives, Class Counsel, and/or Apple may file responses to any timely written Objections no later than seven (7) days prior to the Final Approval Hearing.

**E.**   **Exclusions**.

1.      Requests for Exclusion. The email and postcard Notices, as well as the Full Class Notice, will advise all members of the Settlement Class of their right to exclude themselves from the Settlement. This Settlement Agreement will not bind members of the Settlement Class who exclude themselves from the Settlement.

2.      Requesting Process. To request to be excluded from the Settlement, members of the Settlement Class must timely submit a written request for exclusion. The request for exclusion may be sent either through a portal on the Settlement Website or by U.S. mail to the Settlement Administrator, which will be responsible for receiving and processing requests for exclusion.  The request for exclusion must include the Settlement Class Member's name, address, and telephone number, be personally signed and dated by the Settlement Class Member; and contain a clear request that the individual would like to "opt out" or be excluded, by use of those or other words clearly indicating a desire not to participate in the Settlement.

3.      Deadline. To be excluded from the Settlement, the request for exclusion must be postmarked or submitted through the portal by the Objection and Exclusion Deadline.

4.      If a Settlement Class member submits both payment information and an exclusion request, the payment information submission shall take precedence and be considered valid and binding, and the exclusion shall be deemed to have been sent by mistake and rejected.

5.      Effect of Exclusion. Any person who is a member of the Settlement Class and who validly and timely requests exclusion from the Settlement shall not be a Settlement Class Member; shall not be bound by the Agreement; shall not be eligible to apply for or receive any benefit under the terms of the Agreement; and shall not be entitled to submit an objection to the Settlement.

6.      Exclusion List. No later than 14 days after the Objection and Exclusion Deadline, the Settlement Administrator will provide Class Counsel and Apple Counsel with the number of persons who have timely and validly excluded themselves from the Settlement. If the number of Settlement Class Members who elect to exclude themselves from the Settlement Class exceeds the threshold agreed to by the Parties and confidentially submitted to the Court *in camera*, Apple, in its sole discretion, may elect to reject this Settlement, in which case the entire Agreement shall be null and void. Alternatively, Apple may elect to waive this condition and proceed with the Settlement. Any such waiver by Apple must be unambiguous and in writing.

SF-5021618

## F.     Notice and Settlement Administration

1.      Notice and Settlement administration will be performed by Angeion, subject to approval by the Court. The Settlement Administrator will be paid from the Settlement Fund.

2.      The Settlement Administrator shall perform the duties, tasks, and responsibilities associated with providing notice and administering the Settlement, including the following: (a) preparing and disseminating notice to the Settlement Class substantially in the forms attached hereto as Exhibits A-C; (b) maintaining the Settlement Website; (C) keeping track of requests for exclusion and objections to the Settlement, including maintaining the original envelope in which they were mailed (or an electronic copy thereof); (d) deliver to Apple Counsel and Class Counsel copies of any requests for exclusion, objections, or, upon request of Apple Counsel or Class Counsel, other written or electronic communications from the Settlement Class; (e) making distributions to Settlement Class Members; (f) performing any tax reporting duties required by this Agreement and federal, state, or local law; (g) maintaining adequate records of all its activities, including the dates of transmission of the postcard notice, Full Class Notice, and email notice, returned mail, and other communications and attempted written or electronic communications with the Settlement Class; (h) confirming in writing its completion of the administration of the Settlement; and (i) such other tasks as Apple Counsel and Class Counsel mutually agree.

3.      Apple will provide to the Settlement Administrator (but not to Class Counsel) the names, last known mailing addresses, and email addresses for all members of the Settlement Class for whom it has records as soon as practicable but starting no later than thirty (30) days after entry of the Preliminary Approval Order. The Settlement Administrator will administer the notice described herein and in accordance with the Preliminary Approval Order. The Settlement Administrator will keep identities and contact information of members of the Settlement Class strictly confidential, using them only for purposes of administrating this Settlement.

4.      Notice will be provided via email to members of the Settlement Class for whom Apple has an email address, and via direct mail postcard notice for members of the Settlement Class for whom Apple has a physical address, but not email address, on record. As soon as practicable, but starting no later than thirty (30) calendar days after Apple provides the Settlement Administrator the Settlement Class list in an electronic format, the Settlement Administrator shall send the email notice to all Settlement Class Members for whom Apple has provided the Settlement Administrator with an email address.  As soon as practicable, but starting no later than thirty (30) calendar days after Apple provides the Settlement Administrator the Settlement Class list in an electronic format, the Settlement Administrator shall send the postcard notice by mail to all Settlement Class Members for whom Apple has not provided an email address. In the event that this notice reaches less than 90% of members of the Settlement Class, the Settlement Administrator will provide supplemental notice in the form of direct mail postcard notice to those members of the Settlement Class whose emails returned a hard bounce back and for whom a physical address can be located.  Any such supplemental notice shall be completed no later than thirty (30) days prior to the Objection and Exclusion Deadline.

5.      The Parties agree upon and will seek Court approval of the following forms and methods of notice to members of the Settlement Class:

a.  **Settlement Website.** The Settlement Administrator will establish and maintain a Settlement website with a mutually acceptable domain name. The Settlement website will be optimized for viewing on both mobile devices and personal computers. The Settlement website will include, without limitation, the Full Class Notice in downloadable PDF format, this Agreement, the operative Second Amended Consolidated Complaint and Apple's Answer thereto, the Preliminary Approval Order as entered and publicly filed motion papers and declarations in support thereof, Plaintiffs' motion for attorneys' fees and expenses, Plaintiffs' motion for final approval of class action settlement, a set of frequently asked questions, and information on how to object or request exclusion, as well as contact information for Class Counsel and the Settlement Administrator. The Settlement website will include a readily accessible means for members of the Settlement Class to electronically submit payment information. The Settlement Website will explain how Class Payment will be distributed. The Settlement Website shall remain accessible until thirty (30) calendar days after the Settlement Administrator has completed its obligations under this Settlement Agreement.

b.  **Toll-Free Number.** The Settlement Administrator will establish a toll-free telephone number (the "Toll-Free Number") where members of the Settlement Class can receive instructions for accessing Settlement information and case documents.

c.  **Email Notice.** The Settlement Administrator will email each member of the Settlement Class for whom Apple has an email address a copy of the email notice substantially in the form attached hereto as Exhibit B.

d.  **Postcard Notice.** For members of the Settlement Class for whom Apple has a physical address, but not email address, the Settlement Administrator will mail to each such member of the Settlement Class the postcard notice substantially in the form attached hereto as Exhibit C. Before mailing the postcard notice, the Settlement Administrator shall update the addresses provided by Apple with the National Change of Address database=. All postcard notices returned by the U.S. Postal Service with a forwarding address will be re-mailed to that address. In the event that the email and postcard notice described above reaches less than 90% of the Class, the Settlement Administrator will provide supplemental notice in the form of direct mail postcard notice to those members of the Settlement Class whose emails returned a hard bounce back and for whom a mailing address can be located.  Any such supplemental notice shall be completed no later than thirty (30) days prior to the Objection and Exclusion Deadline.

e.  **Full Class Notice.** The Settlement Administrator shall mail or email the Full Class Notice  to any Settlement Class member who requests a copy.

11

6.      Based on information provided by the parties to date, the Settlement Administrator has agreed to perform all settlement notice and administration duties required by the Settlement Agreement at a cost not expected to exceed $574,000. This amount shall cover all costs and expenses related to the settlement administration functions to be performed by the Settlement Administrator, including providing Postcard and Email Notice and the Settlement Website, and performing the other administration processes described in this Agreement. In the event that unanticipated costs and expenses arise in connection with the notice and/or administration process, such that they exceed the capped amount of $574,000, the Settlement Administrator shall promptly raise the matter with Apple Counsel and Class Counsel as soon as practicable after becoming aware of the unanticipated costs and expenses. If both Apple Counsel and Class Counsel, acting in good faith, agree that unanticipated costs and expenses justify an increase to the amount payable to the Settlement Administrator in excess of the agreed-upon cap, then the amount in excess of the capped amount shall be paid for exclusively from the Settlement Fund by way of any funds represented by checks that remain uncashed after 120 days and ACH transfers that fail after 120 days, as contemplated under Section B.6. Under no circumstances will Apple be responsible for any costs of Settlement administration in excess of its contribution to the Settlement Fund.

7.      The Postcard Notice, Email Notice, and Settlement Website shall provide information on the procedure by which members of the Settlement Class may request exclusion or submit an objection to the Settlement.

## G.    <u>Attorneys' Fees and Expenses and Service Awards</u>

1.      Class Counsel will apply to the Court for, and Apple will not oppose, service awards for named Plaintiffs of up $3,000 each. The Service Award is not a measure of damages, but instead solely an award for the Class Representatives' services, time and effort on behalf of the members of the Settlement Class. Service awards approved by the Court shall be paid from the Settlement Fund. Class Counsel shall provide Form W-9s for the Named Plaintiffs receiving a Service Award, and for Class Counsel, within 5 days after the Effective Date. The Settlement Administrator shall distribute the Service Awards to accounts specified by Class Counsel no later than 15 days after the later of the Effective Date or the receipt of the Named Plaintiffs' Form W-9s.  This Settlement is not conditioned upon the Court awarding the amounts sought by the Class Representatives as a Service Award. If the amounts awarded by the Court are less than what was sought by the Class Representatives, the remaining provisions of this Settlement Agreement shall be binding and effective.

2.      The Parties have reached no agreement on the amount of attorneys' fees and expenses that Class Counsel will seek. While recognizing that the Settlement entitles Class Counsel to apply for reasonable fees and expenses, Apple reserves the right to object to or oppose Class Counsel's requests for attorneys' fees and expenses. The Settlement Administrator shall pay Class Counsel any Court-approved Attorneys' Fees and Expense Award no later than 15 days after the later of the Effective Date or the receipt of Class Counsel's Form W-9s. Class Counsel's Motion for attorneys' fees and expenses shall be filed at least 35 days before the Objection and Exclusion Deadline and shall be posted on the Settlement Website within 3 days of it being filed.

3.      In no event shall Apple have any liability to any Plaintiffs' Counsel, or any other counsel who have represented Named Plaintiffs at any time in this Lawsuit, regarding the allocation of the fee and expense award among Plaintiffs' Counsel.

4.      Apple shall not be liable for any additional fees or expenses of Named Plaintiffs or any members of the Settlement Class in connection with the Lawsuit. Class Counsel agree that they will not seek any additional fees or costs from Apple in connection with the Lawsuit or the Settlement of the Lawsuit beyond the approved Attorneys' Fees and Expense Award. Apple expressly agrees that it will not seek to recover its Court costs, attorneys' fees, or expenses once the Court enters a Final Approval Order and Final Judgment.

5.      This Settlement is not conditioned upon the Court awarding the amounts sought by Class Counsel as a fee and expense award. If the amounts awarded by the Court are less than what was sought by Class Counsel, the remaining provisions of this Settlement Agreement shall be binding and effective.

## H.      <u>Releases</u>

1.      Except as otherwise set forth herein or as to obligations created hereby, upon the Effective Date, Named Plaintiffs and the Settlement Class, on their own behalf and on behalf of their present and former principals, agents, servants, partners, joint venturers, employees, contractors, predecessors, assigns, heirs, spouses, beneficiaries, executors, administrators, representatives, insurers, underwriters, accountants, and lawyers (collectively, the "Releasing Parties"), separately and collectively, will release and discharge Apple and each of its present and former principals, agents, servants, partners, joint venturers, directors, officers, managers, employees, contractors, predecessors, successors, assigns, administrators, representatives, parents, shareholders, subsidiaries, affiliates, insurers, underwriters, accountants, and lawyers (collectively, the "Apple Released Parties"), separately and collectively, from any and all damages, suits, claims, debts, demands, assessments, obligations, liabilities, attorneys' fees, costs, expenses, rights of action and causes of action, of any kind or character whatsoever, whether based on contract (express, implied, or otherwise), statute, or any other theory of recovery, and whether for compensatory or punitive damages, and whether known or unknown, suspected or unsuspected, occurring before the Effective Date of the Settlement (the "Released Matters") arising out of or related to the subject matter of this Lawsuit or the facts underlying this Lawsuit. This release will include claims relating to the Released Matters of which the Releasing Parties are presently unaware or which the Releasing Parties do not presently suspect to exist which, if known to the Releasing Parties, would materially affect the Releasing Parties' release of the Apple Released Parties.

2.      The Parties mutually and expressly acknowledge and agree that this Agreement fully and finally releases and fully resolves the claims released in Section H.1 above, including any claims that may not be known. Accordingly, the Parties expressly waive all of their rights under Civil Code § 1542, which provides that:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE

13

RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

3.      The Parties also expressly waive all rights under any other statutes, legal decisions, or common law principles of similar effect, whether under the law of California or any other jurisdiction.

4.      The Parties are aware that they may hereafter discover claims or facts in addition to or different from those they now know or believe to be true with respect to the matters underlying the Lawsuit. In furtherance of the Parties' intent, the release of the Released Matters shall remain in full and complete effect notwithstanding discovery or existence of any additional or different claims or facts.

5.      The amount of the class payment pursuant to this Agreement will be deemed final and conclusive against all Settlement Class Members, who will be bound by all of the terms of this Agreement and the Settlement, including the terms of the judgment to be entered in the Lawsuit and the releases provided for herein.

6.      No person shall have any claim of any kind against the Parties, their counsel, or the Settlement Administrator with respect to the matters set forth in Section F hereof, or based on determinations or distributions made substantially in accordance with this Agreement, the Final Approval Order, the Final Judgment, or further order(s) of the Court

I.      **Apple's Denial of Liability; Agreement As Defense In Future Proceedings**

1.      This Agreement is made in compromise of any and all claims that Plaintiffs have or may have against Apple related in any way to the Lawsuit, including all claims, allegations, and products discussed therein. This Agreement shall not be construed in any fashion as an admission of liability or wrongdoing by Apple. Apple specifically denies having engaged in any wrongdoing whatsoever. Plaintiffs further agree that this Agreement shall not be admissible in any court or other forum for any purpose other than the enforcement of its terms or if required for legal or accounting purposes.

2.      To the extent permitted by law, neither this Agreement, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be offered as evidence or received in evidence in any pending or future civil, criminal, or administrative action or proceeding to establish any liability or admission by Apple, or to establish the truth of any of the claims or allegations alleged in the Lawsuit.

3.      Neither the Agreement nor anything that the Parties said or did during the negotiation of the Agreement shall be construed or used in any manner as an admission of liability or evidence of any Party's fault, liability, or wrongdoing of any kind; nor as an admission of any lack of merit of the causes of action asserted in the Lawsuit.

4.      To the extent permitted by law, the Agreement may be pleaded or invoked as a full and complete defense to, and may be used as the basis for an injunction against, any action, suit or

other proceeding which may be instituted, prosecuted or attempted for the Released Matters (as defined below).

**J.**     **Miscellaneous**

1.      <u>Extensions of Time.</u> All time periods and dates described in this Agreement are subject to the Court's approval. Unless otherwise ordered by the Court, the Parties through their counsel may jointly agree to reasonable extensions of time to carry out any of the provisions of this Agreement. These time periods and dates may be changed by the Court or the Parties' counsel's written consent without notice to the Settlement Class.

2.      <u>Entire Agreement</u>. This Settlement Agreement contains the entire agreement between the Parties and constitutes the complete, final, and exclusive embodiment of their agreement with respect to the Lawsuit. This Settlement Agreement is executed without reliance on any promise, representation, or warranty by any Party or any Party's representative other than those expressly set forth in this Settlement Agreement.

3.      <u>Applicable Law and Jurisdiction.</u> The laws of the State of California, without regard to its conflict or choice of law provisions, shall govern this Agreement. The Parties agree that any dispute relating to this Agreement shall be subject to the exclusive jurisdiction and venue of the state or federal courts within the County of Santa Clara. Each Party submits itself to the exclusive jurisdiction and venue of that court. If any such action is brought, the prevailing party shall be entitled to recover reasonable attorneys' fees.

4.      <u>Gender and Plurals.</u> As used in this Agreement, the masculine, feminine, or neuter gender, and the singular or plural number, shall each be deemed to include the others whenever the context so indicates

5.      <u>Survival of Warranties and Representations</u>. The warranties and representations of this Agreement are deemed to survive the date of execution hereof.

6.      <u>Cooperation of Parties</u>. The Parties to this Agreement and their counsel agree to prepare and execute all documents, to seek Court approvals, to defend Court approvals, and to do all things reasonably necessary to complete the Settlement.

7.      <u>Counterparts</u>. This Agreement may be executed in any number of counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument, even though all Parties do not sign the same counterparts.

8.      <u>Severability</u>. If any provision of this Settlement Agreement is declared by the Court to be invalid, void, or unenforceable, the remaining provisions of this Settlement Agreement will continue in full force and effect, unless the provision declared to be invalid, void, or unenforceable is material, at which point the Parties shall attempt to renegotiate the Settlement Agreement or, if that proves unavailing, either Party can terminate the Settlement Agreement without prejudice to any Party.

9.      <u>Warranties and Representations</u>. Each person executing this Agreement in a representative capacity represents and warrants that he or she is empowered to do so. This

SF-5021618

*CONFIDENTIAL DRAFT/SETTLEMENT COMMUNICATION - EVIDENCE CODE SECTION 1152*

Agreement is executed voluntarily by each of the Parties without any duress or undue influence on the part, or on behalf, of any of them. The Parties represent and warrant to each other that they have read and fully understand the provisions of this Agreement and have relied on the advice and representation of legal counsel of their own choosing. Each of the Parties has cooperated in the drafting and preparation of this Agreement and has been advised by counsel regarding the terms, effects, and consequences of this Agreement. Accordingly, in any construction or interpretation to be made of this Agreement, this Agreement shall not be construed as having been drafted solely by any one or more of the Parties or their counsel. The Settlement Agreement has been, and must be construed to have been, drafted by all Parties and their counsel, so that any rule that construes ambiguities against the drafter will have no force or effect.

       10.    <u>Communications</u>. All communications required under this Agreement shall be in writing and shall be sent overnight and regular mail to the addressees listed below:

If to Apple:

> Apple Inc.
> 1 Apple Park Way, MS:169-2NYJ
> Cupertino, California 95014
> Attn: Chief Litigation Counsel

With copy to:

> Alexis Amezcua
> **MORRISON FOERSTER**
> 425 Market Street, 32nd Floor
> San Francisco, CA 94105

If to Plaintiffs

> Andrea Gold
> **TYCKO & ZAVAREEI LLP**
> 2000 Pennsylvania Avenue, NW, Suite 1010
> Washington, D.C. 20006
> Telephone: (202) 973-0900
> Facsimile: (202) 973-0950
> Email: agold@tzlegal.com

> William A. Ladnier
> **MILBERG COLEMAN BRYSON**
>   **PHILLIPS GROSSMAN PLLC**
> 800 S. Gay Street, Suite 1100
> Knoxville, TN 37929
> Telephone: (866) 252-0878
> Facsimile: (865) 522-0049
> Email: wladnier@milberg.com

11.     <u>Modification and Amendment.</u> This Agreement may be amended or modified only by a written instrument signed by the Parties' counsel and approved by the Court.

12.     Any and all disputes arising out of or related to the Settlement or this Agreement must be brought by the Parties and/or each member of the  Settlement Class exclusively in this Court. The Parties and each member of the Settlement Class hereby irrevocably submit to the exclusive and continuing jurisdiction of the Court for any suit, action, proceeding or dispute arising out of or related to the Settlement or this Agreement.

SF-5021618

IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be executed by each Party or its duly authorized representative as set forth below.

_____
Christine Clemence
Plaintiff

_____
Matthew White
Plaintiff

_____
Nestor Trujillo
Plaintiff

_____
Kelly Camelo-Cenicola
Plaintiff

_____
Lisa Tabak
Plaintiff

_____
De'Jhontai Banks
Plaintiff

_____
Gregory F. Coleman
For the Plaintiffs

Andrea R. Gold
For the Plaintiffs

5/25/2023

Alexis Amezcua
For the Defendant Apple Inc.


Heather Grenier
Vice President of Commercial
Litigation & Legal and Global
Security Operations, Apple Inc.

SF-5021618

_____
Andrea R. Gold
For the Plaintiffs


_____
Alexis Amezcua
For the Defendant Apple Inc.

Heather Grenier
Vice President of Commercial
Litigation & Legal and Global
Security Operations, Apple Inc.

19

# EXHIBIT A

<u>IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA</u>

**IF YOU OWNED AN IPHONE 7 OR IPHONE 7 PLUS IN THE UNITED STATES AT ANY POINT BETWEEN SEPTEMBER 16, 2016 AND JANUARY 3, 2023 AND EXPERIENCED AUDIO ISSUES WITH YOUR DEVICE, YOU SHOULD READ THIS NOTICE AS IT MAY IMPACT YOUR LEGAL RIGHTS.**

*A court authorized this notice. This is not a solicitation.*

- A Settlement has been reached with Apple Inc. ("Apple") in a class action lawsuit alleging that the iPhone 7 and iPhone 7 Plus experienced certain audio issues allegedly related to the "audio IC" chip. Apple denies that the devices had such issues and denies all allegations of wrongdoing.

- You may be included in this Settlement as a member of the "Settlement Class" and entitled to receive a payment called the "Class Payment" if you owned an iPhone 7 or iPhone 7 Plus between September 16, 2016 and January 3, 2023, and you either complained to Apple regarding an issue covered by the Settlement or paid Apple for a repair or replacement covered by the Settlement. The criteria to be a Class Member are defined more fully in the answers to Questions 5 and 6 below. Together, all Class Members are collectively known as the "Settlement Class."

- Your rights are affected whether you act or do not act. Read this notice carefully.

- These rights and options — **and the deadlines to exercise them** — are explained in this Notice.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **STAY IN THE CLASS** | A $35 million settlement fund will be established. If you received an email or postcard notification from the Settlement Administrator about the Lawsuit, that means that you may be a member of the Settlement Class. If you decide to receive the Class Payment, you must let the Settlement Administrator know by [date] whether you elect to receive the payment by electronic check, ACH transfer, or physical check, and provide the corresponding e-mail address, banking information, or mailing address for the payment's distribution. You may provide your payment information online at www.[URL].com, by scanning the QR code included below on this notice, or by mailing your completed form to the Settlement Administrator. If you remain in the Settlement Class and provide the necessary payment information, you will receive a Class Payment if the Court grants final approval to the Settlement. If you do not provide the necessary payment information by [insert date], you will remain in the Settlement Class and forego receiving a Class Payment and will waive your right to sue Apple in the future regarding the subject matter of the claims in the Lawsuit. |
| | If you decide to stay in the Settlement Class, you will give up the right to sue Apple in a separate lawsuit related to the subject matter of the claims in the Lawsuit. The Released Claims are described in Question 12 below. |
| **ASK TO BE EXCLUDED (OPT OUT) DEADLINE: [___]** | If you decide to opt out of this Settlement, you will keep the right to sue Apple at your expense in a separate lawsuit related to the subject matter of the claims this Settlement resolves, but you give |

**QUESTIONS? CALL 1·[XXX-XXX-XXXX] OR VISIT WWW.[URL].COM**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| | up the right to receive a Class Payment from this Settlement. |
| | This is the only option that allows you to sue, continue to sue, or be part of another lawsuit against Apple related to the subject matter of the claims in this Lawsuit. If you opt out of this Settlement and the Settlement is approved, you will no longer be represented by Class Counsel. |
| **OBJECT TO THE SETTLEMENT DEADLINE: [___]** | If you do not opt out of the Settlement, you may object to it by writing to the Court about why you do not like the Settlement. |
| **GO TO A HEARING ON: [_____]** | You may object to the Settlement and ask the Court for permission to speak at the Final Approval Hearing where the Parties will request that the Final Approval Order be entered approving the Settlement. |

- The Court overseeing this case still has to decide whether to approve the Settlement.

- This Notice summarizes the proposed Settlement. For the precise terms and conditions of the Settlement, you may (1) see the Settlement Agreement available at www.[URL].com, or by scanning the QR included below on this notice; (2) contact Class Counsel representing the Settlement Class (contact info listed under Question 16 below); (3) access the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov; or (4) visit the office of the Clerk of Court for the United States District Court for the Northern District of California, Phillip Burton Federal Building & United States Courthouse, 450 Golden Gate Avenue, 16th Floor, San Francisco, CA 94102, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

**PLEASE DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS NOTICE, THIS SETTLEMENT, OR THE CLAIMS PROCESS.**

| WHAT THIS NOTICE CONTAINS |
|---|

**Basic Information** ........................................................................................................................1

    1.    Why was this Notice issued? .....................................................................................1

    2.    What is a class action? .............................................................................................1

    3.    What is the Lawsuit about? ........................................................................................1

    4.    Why is there a Settlement? .......................................................................................1

**Who Is Included in the Settlement** ............................................................................................1

    5.    How do I know if I am part of the Settlement?...........................................................1

    6.    I'm still not sure if I am included in the Settlement Class. .......................................2

**The Settlement Benefits–What You Get if You Qualify** ............................................................2

    7.    What does the Settlement provide?............................................................................2

    8.    How much will my Class Payment be? .......................................................................2

**How to Get a Class Payment**......................................................................................................2

    9.    How do I get a Class Payment? .................................................................................2

    10.    When would I get my Class Payment?.......................................................................2

    11.    What rights am I giving up to get a Class Payment and stay in the Class? ..............3

    12.    What are the Released Claims? .................................................................................3

**Opting Out of the Settlement** ....................................................................................................3

    13.    How do I request to opt out of the Settlement? .........................................................3

    14.    If I opt out, can I still get a Class Payment from this Settlement? ............................3

    15.    If I do not opt out, can I sue Apple for the same claims later? .................................4

**The Lawyers Representing the Class** ........................................................................................4

    16.    Do I have a lawyer in this case? ...............................................................................4

    17.    How will the lawyers be paid? ...................................................................................4

    18.    May I get my own lawyer? .........................................................................................4

**Objecting to the Settlement** ......................................................................................................4

    19.    How do I tell the Court that I do not like the Settlement? .........................................4

    20.    What is the difference between objecting and opting out?........................................5

**The Court's Final Approval Hearing** .........................................................................................5

    21.    When and where will the Court decide whether to approve the Settlement? ............5

    22.    Do I have to come to the Final Approval Hearing? ...................................................5

**QUESTIONS? CALL 1·[XXX-XXX-XXXX] OR VISIT WWW.[URL].COM**

23.    May I speak at the Final Approval Hearing? ........................................................5

**If You Do Nothing** ........................................................................................................**5**

24.    What happens if I do nothing at all? ....................................................................5

**Getting More Information** ............................................................................................**6**

25.    Are more details available? ................................................................................6

**BASIC INFORMATION**

| 1. | Why was this Notice issued? |
|---|---|

A federal Court authorized this Notice because you have a right to know about the proposed Settlement of the Lawsuit and all of your options before the Court decides whether to approve the proposed Settlement. This Notice explains the Lawsuit, the Settlement, your legal rights, what benefits are available, and who can get them.

Judge Jon S. Tigar of the United States District Court for the Northern District of California is currently overseeing this case and will decide whether to approve the Settlement. The case is entitled *Tabak, et al. v. Apple Inc.*, No. 4:19-cv-02455 (N.D. Cal.). The persons who sued are called the Plaintiffs. The company they are suing is Apple Inc., which is called the Defendant.

| 2. | What is a class action? |
|---|---|

In a class action, one or more people called "Class Representatives" (in this case, Lisa Tabak, De'Jhontai Banks, Matthew White, Kelly Camelo-Cenicola, Nestor Trujillo, and Christine Clemence, the Plaintiffs) sue on behalf of people who have similar claims. All these people seek to be part of a "Class" or "Class Members."

| 3. | What is the Lawsuit about? |
|---|---|

Plaintiffs alleged that iPhone 7 and iPhone 7 Plus devices experienced certain audio issues allegedly related to the "audio IC" chip, and brought claims including alleged violation of consumer protection laws and breach of warranty.

Apple denies all of the allegations made in the Lawsuit, denies that the iPhone 7 or iPhone 7 Plus experienced any audio issues, and denies that Apple did anything improper or unlawful. Apple asserts numerous defenses to the claims in this case. The proposed Settlement to resolve this Lawsuit is not an admission of guilt or any wrongdoing of any kind by Apple.

| 4. | Why is there a Settlement? |
|---|---|

The Court has not decided in favor of the Plaintiffs or Apple. Instead, the Class Representatives and Apple agreed to a Settlement. This way, they avoid the cost, burden, and uncertainty of a trial and the users allegedly affected can get benefits. The Class Representatives and their attorneys think the proposed Settlement is best for all Class Members.

**WHO IS INCLUDED IN THE SETTLEMENT**

| 5. | How do I know if I am part of the Settlement? |
|---|---|

The Court has decided that everyone who fits the following description is a Class Member, and is thus included in the Settlement:

> Individual persons who are United States residents and who own or owned an Apple iPhone 7 or 7 Plus between September 16, 2016 and January 3, 2023, and reported to Apple in the United States issues reflected in Apple's records as Sound-Speaker, Sound-Microphone, Sound – Receiver, Unexpected Restart / Shutdown, or Power On – Device Unresponsive ("Covered Issues"), including but not limited to those who paid Apple out of pocket for repairs or replacements for Covered Issues as reflected in Apple's records. The Settlement Class excludes Apple; any entity in which Apple has a controlling interest; Apple's directors, officers, and employees; Apple's legal representatives, successors, and assigns.  Also excluded from the Settlement Class are all judicial officers assigned to this

case as well as their staff and immediate families.

| 6. | I'm still not sure if I am included in the Settlement Class. |
|---|---|

If you are still not sure whether you are included in the Settlement Class, you can visit the website www.[URL].com, call toll-free 1-[XXX-XXX-XXXX], or write to the *Tabak et al. v. Apple* Class Action Settlement Administrator, [insert address], for more information.

### THE SETTLEMENT BENEFITS-WHAT YOU GET IF YOU QUALIFY

| 7. | What does the Settlement provide? |
|---|---|

A $35 million settlement fund will be established. After deducting any Court-approved Attorneys' Fees and Expenses, Service Awards, and Administrative and Notice Costs, Apple will provide to the independent Settlement Administrator information for all Settlement Class Members and the Settlement Administrator will determine the Class Payment, subject to the Court's approval, that will be made available to Class Members in accordance with the description provided in the response to Question 8 below.

| 8. | How much will my Class Payment be? |
|---|---|

Settlement Class Members who provide payment information shall receive a payment based on whether Settlement Class Members paid out of pocket to Apple for a repair or replacement for a Covered Issue, or whether Settlement Class Members complained to Apple about a Covered Issue, but did not pay out of pocket to Apple for a repair or replacement for that issue. Settlement Class Members who paid Apple out of pocket for repairs or replacements for Covered Issues, as reflected in Apple's records, who do not opt out and timely submit payment information to the Settlement Administrator will receive an equal payment of at least $50 and no more than $349.  Settlement Class Members who reported Covered Issues to Apple, but who did not pay Apple out of pocket for repairs or replacements for Covered Issues, will receive an equal payment of up to $125.

### HOW TO GET A CLASS PAYMENT

| 9. | How do I get a Class Payment? |
|---|---|

If you received a notice by email or postcard indicating that Apple has determined that you may be a member of the Settlement Class and do not opt out of the Settlement Class, you must let the Settlement Administrator know whether you elect to receive the payment by electronic check, ACH transfer, or physical check, and provide the corresponding payment information by [date]. You may provide your payment information online at www.[URL].com, by scanning the QR code included below on this notice, or via mail to [Settlement Administrator address]. You must submit payment information in order to receive a Class Payment. If you do not elect a payment method and provide your payment information, you will remain in the Settlement Class and forego receiving a Class Payment and will waive your right to sue Apple for the Covered Issues in the future.

# [PLACEHOLDER FOR QR CODE]

| 10. | When would I get my Class Payment? |
|---|---|

The Court will hold a hearing on [insert date], at [insert time], to decide whether to grant final approval of the Settlement. If the Court approves the Settlement, there may be objections. It is always uncertain whether objections will be filed and, if so, how long it will take to resolve them. Class Payments will be

**QUESTIONS? CALL 1•[XXX-XXX-XXXX] OR VISIT WWW.[URL].COM**

distributed to Settlement Class Members as soon as possible, if and when the Court grants final approval of the Settlement and any objections are overruled with finality. The Court may also elect to move the Final Approval Hearing to a different date or time in its sole discretion, without providing further notice to the Settlement Class. The date and time of the Final Approval Hearing can be confirmed at www.[URL].com.

## 11.     What rights am I giving up to get a Class Payment and stay in the Class?

Unless you opt out, you will remain in the Settlement Class.  If you timely submit a valid Payment Information Form, you may receive a Class Payment if the Settlement is approved and becomes final. If the Settlement is approved and becomes final, all of the Court's orders will apply to you and legally bind you. You will not be able to sue, continue to sue, or be part of any other lawsuit against Apple that is related to the subject matter of the claims in this Lawsuit. The rights you are giving up are called Released Claims, which are explained in Question 12.

## 12.     What are the Released Claims?

Generally, if and when the Settlement Agreement becomes final, Settlement Class Members who do not opt out will permanently release Apple Inc., including its past or present parents, subsidiaries, divisions, affiliates, stockholders, officers, directors, insurers, employees, agents, attorneys, and any of their legal representatives (and the predecessors, heirs, executors, administrators, successors, purchasers, and assigns of each of the foregoing), from claims that are related to the subject matter of the claims in this Lawsuit. The Released Claims are described in more detail at www.[URL].com.

### OPTING OUT OF THE SETTLEMENT

If you want to keep the right to sue or continue to sue Apple at your expense for any claim related to the subject matter of this Lawsuit, and you do not want to receive a Class Payment from this Settlement, you must take steps to get out of the Settlement. This is called opting out of, or excluding yourself from, the Settlement.

## 13.     How do I request to opt out of the Settlement?

To opt out, you must timely submit a written request with the following information:

- Your name, address, telephone number, and email address;

- A statement that you wish to opt out of the Settlement Class in *Tabak et al. v. Apple Inc.*, No. 4:19-cv-04255; and

- Your signature.

You must submit your written request either:

- Through the portal on the Settlement Website, available at www.[URL].com; or

- By U.S. mail to the Settlement Administrator at [insert address].

Your opt out request must be received no later than **[insert date].**

## 14.     If I opt out, can I still get a Class Payment from this Settlement?

No. If you opt out, you are telling the Court that you do not want to be part of the Settlement Class in this Settlement. You can only get a Class Payment if you remain in the Settlement Class and submit a valid and timely Payment Information Form. See Question 9.

**QUESTIONS? CALL 1•[XXX-XXX-XXXX] OR VISIT WWW.[URL].COM**

| 15. | If I do not opt out, can I sue Apple for the same claims later? |
|---|---|

No. Unless you opt out, you are giving up the right to sue Apple regarding any claims that are related to the subject matter of the claims in this Lawsuit. You must opt out of this Lawsuit to have the ability to start or continue with your own lawsuit or be part of any other lawsuit against Apple related to the subject matter of the claims in this Lawsuit.

### THE LAWYERS REPRESENTING THE CLASS

| 16. | Do I have a lawyer in this case? |
|---|---|

Yes. The Court appointed the following attorneys to represent you as "Class Counsel":

| | |
|---|---|
| Andrea R. Gold of Tycko & Zavareei LLP, 2000 Pennsylvania Ave. NW, Suite 1010 Washington D.C., 20006 | Adam A. Edwards, of Milberg Coleman Bryson Phillips Grossman, PLLC, 800 S. Gay Street, Suite 1100 Knoxville, TN 37929 |

You do not have to pay Class Counsel out of your own pocket. If you want to be represented by your own lawyer and have that lawyer appear in Court for you in this case, you may hire one at your own expense.

| 17. | How will the lawyers be paid? |
|---|---|

Class Counsel may ask the Court for an award of Attorneys' Fees and Expenses, as well as a Service Award to the Class Representatives. Class Counsel will move for both the Service Awards, not exceeding $3,000 for each of the Class Representatives, and for Attorneys' Fees and Expenses, and the Court will determine the amounts to be awarded. All of these amounts, as well as the Administrative and Notice Costs, will be paid from the $35 million that the Parties settled for before making Class Payments to Settlement Class Members. Apple reserves the right to object to any motion, including for Attorneys' Fees and Expenses or a Service Award, filed by Class Counsel.

A copy of Class Counsel's motion for Attorneys' Fees and Expenses and for the Class Representative's Service Award will be available at www.[URL].com by [insert date].

| 18. | May I get my own lawyer? |
|---|---|

If you are in the Settlement Class, you are not required to hire your own lawyer because Class Counsel is working on your behalf. However, if you want your own lawyer, you may hire one at your own expense. If you opt out of the Settlement, you will no longer be represented by Class Counsel once the Settlement is approved.

### OBJECTING TO THE SETTLEMENT

| 19. | How do I tell the Court that I do not like the Settlement? |
|---|---|

If you are a Settlement Class Member, you can tell the Court if there is something about the Settlement that you do not like by submitting an objection. By submitting an objection, you do not opt out or exclude yourself from the Settlement. You cannot ask the Court to order a different Settlement; the Court can only approve or reject the Settlement. If the Court denies approval, no Class Payments will be sent out and the Lawsuit will continue. If that is what you want to happen, you must object.

Any objection to the proposed Settlement must be in writing. If you submit a timely written objection, you may, but are not required to, appear at the Final Approval Hearing, either in person or through your own attorney. If you appear through your own attorney, you are responsible for hiring and paying that attorney.

All written objections and supporting papers must (a) clearly identify the case name and number (*Tabak et al. v. Apple Inc.*, 4:19-cv-02455); (b) include your full name, address, telephone number, and email address and any counsel representing you (if you are represented by counsel); (c) include information sufficient to verify that the objector is a Settlement Class Member; (d) state whether the objection applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class; (e) state the grounds for the objection; and (f) be submitted to the Court either by mailing them to the Clerk of Court for the United States District Court for the Northern District of California, Phillip Burton Federal Building & United States Courthouse, 450 Golden Gate Avenue, Box 36060, San Francisco, CA 94102, or by filing them in person at any location of the United States District Court for the Northern District of California; and (e) be filed or postmarked on or before **[insert date]**.

| 20. | What is the difference between objecting and opting out? |
|---|---|

Objecting is simply telling the Court that you do not like something about the Settlement. You can object only if you stay in the Settlement Class (and do not opt out). Opting out is telling the Court that you do not want to be part of the Settlement Class. If you opt out, you cannot object because the Settlement no longer affects you.

### THE COURT'S FINAL APPROVAL HEARING

The Court will hold a hearing to decide whether to approve the Settlement. You may attend and you may ask to speak, but you do not have to.

| 21. | When and where will the Court decide whether to approve the Settlement? |
|---|---|

The Court will hold a Final Approval Hearing on **[insert date]**, at **[insert time]**, at the United States District Court for the Northern District of California, Oakland Courthouse, 1301 Clay Street, Courtroom 6 – 2nd Floor, Oakland, CA 94612. At this hearing, the Court will decide whether to approve the Settlement, Class Counsel's request for Attorneys' Fees and Expenses, and the Service Award to the Class Representative. If there are objections, the Court will consider them. The Court may elect to move the Final Approval Hearing to a different date or time in its sole discretion, without providing further notice to the Class. The date and time of the Final Approval Hearing can be confirmed at www.**[URL]**.com.

| 22. | Do I have to come to the Final Approval Hearing? |
|---|---|

No. Class Counsel will answer any questions the Court may have. However, you are welcome to come to the Final Approval Hearing at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but that is not necessary.

| 23. | May I speak at the Final Approval Hearing? |
|---|---|

Yes. You may ask the Court for permission to speak at the Final Approval Hearing.

### IF YOU DO NOTHING

| 24. | What happens if I do nothing at all? |
|---|---|

If you are a member of the Settlement Class and you do nothing, you will forego receiving Class Payment.

You will give up the rights explained in Question 12, including your right to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Apple related to the Lawsuit or for claims that in any way are related to the subject matter of the claims in this Lawsuit. To receive a Class Payment, you must provide the information detailed in Question 9 above.

**QUESTIONS? CALL 1•[XXX-XXX-XXXX] OR VISIT WWW.[URL].COM**

**GETTING MORE INFORMATION**

| 25. | Are more details available? |
|---|---|

Visit the website at www.[URL].com, where you will find the Settlement Agreement and other related documents. You may also scan the QR code included below in this notice. You may also call toll-free at 1-[XXX-XXX-XXXX] or write to [insert address]. Inquiries should NOT be directed to the Court.

# [PLACEHOLDER FOR QR CODE]

# EXHIBIT B

**IF YOU OWNED AN IPHONE 7 OR IPHONE 7 PLUS IN THE UNITED STATES AT ANY POINT BETWEEN SEPTEMBER 16, 2016 AND JANUARY 3, 2023 AND EXPERIENCED AN AUDIO ISSUE WITH YOUR DEVICE, YOU SHOULD READ THIS NOTICE AS IT MAY IMPACT YOUR LEGAL RIGHTS.**

**A Settlement has been reached with Apple Inc. ("Apple") in a class action lawsuit** alleging that the iPhone 7 and iPhone 7 Plus experienced certain audio issues allegedly related to the "audio IC" chip. Apple denies that the devices had such issues and denies all allegations of wrongdoing.

**You received this email because Apple's records indicate you may be a member of the "Settlement Class" and entitled to receive a payment called the "Class Payment."** The Court decided that the "Settlement Class" includes individual persons who are United States residents and who own or owned an iPhone 7 or 7 Plus between September 16, 2016 and January 3, 2023, and reported to Apple in the United States issues reflected in Apple's records as potentially related to the alleged audio issues ("Covered Issues"). Covered Issues include those reflected in Apple's records for the iPhone 7 or iPhone 7 Plus as Sound-Speaker, Sound-Microphone, Sound – Receiver, Unexpected Restart / Shutdown, or Power On – Device Unresponsive, and includes but is not limited to those who paid Apple out of pocket for repairs or replacements for Covered Issues. The Settlement Class excludes Apple; any entity in which Apple has a controlling interest; Apple's directors, officers, and employees; Apple's legal representatives, successors, and assigns. Also excluded from the Settlement Class are all judicial officers assigned to this case as well as their staff and immediate families.

**What does the Settlement provide?**

- A $35 million settlement fund will be established. If you received this email notification from the independent Settlement Administrator about the Lawsuit, that means that you may be a member of the Settlement Class. If you are a member of the Settlement Class and you decide to receive the Class Payment, you must let the Settlement Administrator know by [insert date] whether you elect to receive the payment by electronic check, ACH transfer, or physical check, and provide the corresponding e-mail address, banking information, or mailing address for the payment's distribution. You may provide your payment information online at www.[URL].com, by scanning the QR code included below on this notice, or via mail to [Settlement Administrator address]. You must submit payment information in order to receive a Class Payment. If you remain in the Settlement Class and provide the necessary payment information, you will receive a Class Payment if the Court grants final approval to the Settlement. If you do not provide the necessary payment information by [insert date], you will remain in the Settlement Class and forego receiving a Class Payment and will waive your right to sue or continue to sue Apple for the Covered Issues.

- If you received this notice from the Settlement Administrator, that means Apple has determined from its records that you may be a Settlement Class Member. Settlement Class Members who paid Apple out of pocket for repairs or replacements for Covered Issues, as reflected in Apple's records, who do not opt out and timely submit payment information to the Settlement Administrator will receive an equal payment of least $50 and no more than $349. Settlement Class Members who reported Covered Issues to Apple, but who did not pay Apple out of pocket for repairs or replacements for Covered Issues, will receive an equal payment of up to $125.

**What are you giving up to receive a Class Payment?**

If you decide to stay in the Settlement Class, you will give up the right to sue Apple in a separate lawsuit related to the subject matter of the claims in the Lawsuit. No further action is required from you if you decide to stay in the Settlement Class and provide the necessary information to receive a Class Payment.

**What are your options?**

- **Submit a Payment Attestation Form.** Filing a payment attestation form is the only way to receive a Class Payment under the Settlement. Click the button at the bottom of this notice or visit the

settlement website,  www.[_____].com, to file a Payment Attestation Form electronically. You may also scan the QR code included below in this notice. If you file a Payment Attestation Form, you will give up the right to sue Apple in a separate lawsuit about the claims this Settlement resolves. You have until [DATE] to file a Payment Attestation Form.

- **Ask to Be Excluded (Opt Out).**  If you decide to opt out of this Settlement, you will keep the right to sue Apple in a separate lawsuit related to the subject matter of the claims this Settlement resolves, but you give up the right to get a Class Payment from this Settlement.  This is the only option that allows you to sue, continue to sue, or be part of another lawsuit against Apple related to the subject matter of the claims in this Lawsuit.  If you elect to opt out of this Settlement and the Settlement is approved, you will no longer be represented by Class Counsel and will be responsible for retaining legal representation at your expense should you choose to sue Apple in a separate lawsuit. Instructions for requesting to opt out of the Settlement can be found at www.[URL].com. Your opt out request must be received by [insert date].

- **Object to the Settlement.**  If you do not opt out of the Settlement, you may object to it by writing to the Court about why you do not like the Settlement.  Instructions for objecting and attending the Final Approval Hearing where the Parties will request that the Final Approval Order be entered approving the Settlement can be found at www.[URL].com. Your objection must be filed or postmarked on or before [insert date].

- **Do Nothing.**  You will not receive a settlement benefit under the Settlement. You will also give up your right to object to the Settlement and you will not be able to be part of any other lawsuit about the claims this Settlement resolves.

**Do I have a lawyer in this case?**

The Court has appointed the law firms of Tycko & Zavareei LLP and Milberg Coleman Bryson Phillips Grossman, PLLC as "Class Counsel." Class Counsel represents you and other Settlement Class Members for purposes of the Settlement. You will not be charged attorney's fees or costs by Class Counsel as part of this Settlement.

**The Court's Final Approval Hearing**

The Court will hold a Final Approval Hearing on [date] at [time] to decide whether to approve the Settlement. The hearing will be in Courtroom 6 on the 2nd floor at the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102. The Court will consider whether the settlement is fair, reasonable, and adequate. The Court will also consider what amount to award to each of the class representatives as compensation for their services for the Settlement Class, and what amount to award Class Counsel for their attorneys' fees and costs. You may appear at the Final Approval Hearing, on your own behalf or through counsel, but you do not have to.

| SUBMIT PAYMENT ATTESTATION FORM |
| --- |

**QUESTIONS?**

More detailed information, including the Settlement Agreement, is available at www.[URL].com (which can be accessed by scanning the QR code below) or by calling [insert phone number].

**[PLACEHOLDER FOR QR CODE]**

This Notice summarizes the proposed Settlement. For the precise terms and conditions of the Settlement, you may (1) see the Settlement Agreement available at www.[URL].com; (2) contact Class Counsel representing the Class Members (listed below); (3) access the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov; or (4) visit the office of the Clerk of Court for the United States District Court for the Northern District of California, Phillip Burton Federal Building & United States Courthouse, 450 Golden Gate Avenue, 16th Floor, San Francisco, CA 94102, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

PLEASE DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT OR THIS NOTICE.

| | |
|---|---|
| Andrea R. Gold, of Tycko & Zavareei LLP, 2000 Pennsylvania Avenue, NW, Suite 1010 Washington D.C., 20006 | Adam A. Edwards, of Milberg Coleman Bryson Phillips Grossman, PLLC, 800 S. Gay Street, Suite 1100 Knoxville, TN 37929 |

# EXHIBIT C

*Tabak v. Apple*
Class Action Administrator
1650 Arch Street, Suite 2210
Philadelphia, PA 19103

«ScanString»
Postal Service: Please do not mark barcode

Notice ID: «Notice ID»
Confirmation Code: «Confirmation Code»
«FirstName» «LastName»
«Address1»
«Address2»
«City», «StateCd» «Zip»
«CountryCd»

Important Notice About a Class Action Lawsuit

**If you owned an iPhone 7 or iPhone 7 Plus in the United States at any point between September 16, 2016 and January 3, 2023 and experienced an audio issue with your device, you could get a payment from a class action settlement.**

**PAYMENT ATTESTATION FORM**

Notice ID: « Notice ID»
Name & Address:   «Name and address»

Address Correction (if different from above)

_____

You can complete and return this form, complete the form online at [website URL] or click the QR Code in the bottom left corner to submit your payment selection.

Please select **one** of the following payment options. Note: If you prefer to receive your payment via direct deposit, please complete the form online or by scanning the QR Code.

☐ **Digital Check** - Enter your email address: _____

☐ **Physical Check** - Payment will be mailed to the address provided above.

# [INSERT QR CODE]

Legal Notice

**A settlement has been reached with Apple Inc. ("Apple") in a class action lawsuit** alleging that the iPhone 7 and iPhone 7 Plus experienced certain audio issues allegedly related to the "audio IC" chip. Apple denies that the devices had such issues and denies all allegations of wrongdoing.

**You received this notice because Apple's records indicate that you may be a member of the "Settlement Class" and entitled to receive payment called the "Class Payment."** The Court decided that the "Settlement Class" includes individual persons who are United States residents and who own or owned an iPhone 7 or 7 Plus between September 16, 2016 and January 3, 2023, and reported to Apple in the United States issues reflected in Apple's records as potentially related to the alleged audio issues ("Covered Issues"). Covered Issues include those reflected in Apple's records for the iPhone 7 or iPhone 7 Plus as Sound-Speaker, Sound-Microphone, Sound – Receiver, Unexpected Restart / Shutdown, or Power On – Device Unresponsive, and includes but is not limited to those who paid Apple out of pocket for repairs or replacements for Covered Issues.

**What are your options?** A $35 million settlement fund will be established. If you are a member of the Settlement Class and you decide to receive the Class Payment, you must let the Settlement Administrator know by **[insert date]** whether you elect to receive the payment by electronic check, ACH transfer, or physical check, and provide the corresponding e-mail address, banking information, or mailing address for the payment's distribution. You may provide your payment information online at www.[URL].com, by scanning the QR code included below on this notice, or by tearing off, completing, and mailing the form included with this notice to **[Settlement Administrator address]**. You must submit payment information in order to receive a Class Payment. If you remain in the Settlement Class and provide the necessary payment information by **[insert date]**, you will receive a Class Payment if the Court grants final approval to the settlement. If you do not provide the necessary payment information by **[insert date]**, you will remain in the Settlement Class and will forego receiving a Class Payment and will waive your right to sue Apple for the Covered Issues in the future.

You may exclude yourself from the settlement by submitting a written request asking to be excluded.  Instructions for making this request can be found at the website or by calling the toll-free number below. Your exclusion request must be received by **[insert date]**.  This is the only option that allows you to sue, continue to sue, or be part of another lawsuit against Apple related to the subject matter of the claims in this case. If you exclude yourself from the settlement, you will not receive a Class Payment.

You may also remain in the Settlement Class but object to the settlement, and you may (but do not have to) attend the Court's Final Approval Hearing to speak about your objection. Your objection must be filed or postmarked by **[insert date]**. Instructions for sending or filing your objection and attending the hearing can be found at the website (which can be accessed by scanning the QR code below or by calling the toll-free number below.

**www.[URL].com   ·   1-XXX-XXX-XXXX**

*Tabak v. Apple*
Class Action Administrator
1650 Arch Street, Suite 2210
Philadelphia, PA 19103

# EXHIBIT D

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

LISA TABAK, DE'JHONTAI
BANKS, MATTHEW WHITE, KELLY
CAMELO-CENICOLA, NESTOR
TRUJILLO, and CHRISTINE CLEMENCE,
on behalf of themselves and all others
similarly situated,

                            Plaintiffs,

v.

APPLE INC.,

                            Defendant.

CASE NO. 4:19-CV-02455-JST

**[PROPOSED] ORDER GRANTING
PLAINTIFFS' MOTION FOR
PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT**

sf-5562715

**WHEREAS**, Plaintiffs Lisa Tabak, De'Jhontai Banks, Matthew White, Kelly Camelo-Cenicola, Nestor Trujillo, and Christine Clemence ("Settlement Class Representatives"), on behalf of themselves and the Settlement Class as defined below, and Defendant Apple Inc. ("Defendant") (collectively, the "Parties") entered into a Settlement Agreement on May 25, 2023, which sets forth the terms and conditions for a proposed settlement of this Lawsuit and for its dismissal with prejudice upon the terms and conditions set forth therein, subject to Court approval;

**WHEREAS**, Plaintiffs have moved the Court for an order (i) preliminarily approving the Settlement under Federal Rule of Civil Procedure 23, (ii) preliminarily certifying the Settlement Class for settlement purposes only, as defined below, (iii) appointing the named Plaintiffs as Class Representatives and Plaintiffs' counsel as Class Counsel, (iv) directing notice as set forth herein, and (v) scheduling the Final Approval Hearing;

**WHEREAS**, the Settlement is the product of informed, arms'-length settlement negotiation conducted before the neutral mediator Randall W. Wulff and a subsequent months-long negotiations finalizing the Settlement from December 2022 to May 2023;

**WHEREAS**, the Court is familiar with and has reviewed the record, the Settlement Agreement, Plaintiffs' Notice of Motion and Motion for Preliminary Approval of Class Action Settlement, the Memorandum of Points and Authorities in Support Thereof, and the supporting Declarations, and has found good cause for entering the following Order; and

**WHEREAS**, unless otherwise specified, all capitalized terms used herein have the same meaning as set forth in the Settlement Agreement.

**NOW THEREFORE, it is hereby ORDERED and ADJUDGED as follows**:

1.      The Court finds that it has jurisdiction over the subject matter of this Lawsuit and over all Parties to the Lawsuit.

2.      Plaintiffs have moved the Court for an order (i) preliminarily approving the Settlement of the Lawsuit under Federal Rule of Civil Procedure 23, (ii) finding that the Court will likely be able to certify the Settlement Class for settlement purposes only, and (iii) directing notice

as set forth herein.

3.     The Court preliminarily finds that, subject to the Final Approval Hearing, the Settlement Agreement, including the exhibits attached thereto, is fair, reasonable, and adequate pursuant to Federal Rule of Civil Procedure 23, is within the range of possible approval, and is in the best interests of the Settlement Class defined below.

4.     The Court further finds that the Settlement Agreement substantially fulfills the purposes and objectives of the class action and provides substantial relief to the Settlement Class without the risks, burdens, costs, or delay associated with continued litigation, trial, and/or appeal. The Court also finds that the Settlement Agreement: (a) is the result of arm's-length negotiations between experienced class action attorneys; (b) is sufficient to warrant notice of the Settlement and the Final Approval Hearing to be disseminated to the Settlement Class; (c) meets all applicable requirements of law, including Federal Rule of Civil Procedure 23 and the Class Action Fairness Act, 28 U.S.C. § 1715, the United States Constitution, and the United States District Court for the Northern District of California's Procedural Guidance for Class Action Settlements; and (d) is not a finding or admission of liability by Defendant or any other person(s), nor a finding of the validity of any claims asserted in the Lawsuit or of any wrongdoing or any violation of law.

5.     **Certification of the Settlement Class**.   For purposes of settlement only: (a) Gregory F. Coleman, Adam A. Edwards, and William A. Ladnier of Milberg Coleman Bryson Phillips Grossman PLLC and Andrea R. Gold, Hassan A. Zavareei, and Allison W. Parr of Tycko & Zavareei LLP are appointed as Class Counsel for the Settlement Class; and (b) Plaintiffs Lisa Tabak, De'Jhontai Banks, Matthew White, Kelly Camelo-Cenicola, Nestor Trujillo, and Christine Clemence are appointed Settlement Class Representatives for the Settlement Class.  The Court finds that these attorneys are competent and capable of exercising the responsibilities of Settlement Class Counsel and that Settlement Class Representatives will adequately protect the interests of the Settlement Class defined below.

For purposes of settlement only, the Court conditionally certifies the following

Settlement Class as defined in the Settlement Agreement:

> "All individual persons who are United States residents and who own or owned an Apple iPhone 7 or 7 Plus and reported to Apple in the United States Covered Issues, including but not limited to those who paid Apple out of pocket for repairs or replacements for Covered Issues as reflected in Apple's records."

Settlement Agreement ¶ 25.

The Settlement Agreement defines "Covered Issues" as "issues reported to Defendant Apple Inc. regarding the iPhone 7 and iPhone 7 Plus reflected in Apple's records as Sound-Speaker, Sound-Microphone, Sound – Receiver, Unexpected Restart / Shutdown, or Power On – Device Unresponsive." *Id.*

Excluded from the Settlement Class are: (i) Defendant Apple Inc.; (ii) any entity in which Apple Inc. has a controlling interest; (iii) Apple Inc.'s directors, officers, and employees; (iv) Apple Inc.'s legal representatives, successors, and assigns; and (v) all judicial officers assigned to this case, their staff, and their immediate families. *Id.*

The Class Period shall be from September 16, 2016, to January 3, 2023. *Id.*

The Court finds, subject to the Final Approval Hearing referred to in Paragraph 10 below, that, within the context of and for the purposes of settlement only, the Settlement Class satisfies the requirements of Federal Rule of Civil Procedure 23. Specifically, the Court finds that: (a) the Settlement Class is so numerous that joinder of all members is impracticable; (b) there are questions of fact and law common to the Settlement Class; (c) the claims of the Settlement Class Representatives are typical of the claims of the members of the Settlement Class; (d) the Settlement Class Representatives and Class Counsel will fairly and adequately protect the interests of the members of the Settlement Class; (e) common questions of law or fact predominate over questions affecting individual members; and (f) a class action is a superior method for fairly and efficiently adjudicating the Lawsuit.

If the Settlement Agreement does not receive the Court's final approval, if final approval is reversed on appeal, or if the Settlement Agreement is terminated or otherwise fails to become effective, the Court's grant of conditional class certification of the Settlement Class shall be vacated, the Parties shall revert to their positions in the Lawsuit as they existed before the Settlement Agreement's execution date, May 25, 2023, and the Class Representatives and the Settlement Class Members will once again bear the burden to prove the propriety of class certification and the merits of their claims at trial.

6.    **Notice and Administration**.  Pursuant to Federal Rule of Civil Procedure 23(e), the Court finds that it has sufficient information to enable it to determine whether to give notice of the proposed Settlement to the Settlement Class. The Court further finds that the proposed Settlement and Notice Plan meet the requirements of Rule 23(e) and that the Court will likely be able to certify the Settlement Class for purposes of judgment on the Settlement.

The Notice Plan submitted with the Motion for Preliminary Approval and the forms of notice attached thereto satisfy the requirements of Federal Rule of Civil Procedure 23 and are approved. Non-material modifications to the notices and payment information form may be made by the Settlement Administrator without further order of the Court, so long as they are approved by the Parties and consistent in all material respects with the Settlement Agreement and this Order. The Settlement Administrator is directed to carry out the Notice Plan in conformity with the Settlement Agreement and the below-stated schedule, and to perform all other tasks that the Settlement Agreement requires. Class Counsel shall file an appropriate declaration by the Settlement Administrator with respect to complying with the provisions of the Notice Plan at least 14 days prior to the Final Approval Hearing.

The Court further finds that the form, content, and method of giving notice to the Settlement Class as described in the Notice Plan submitted with the Motion for Preliminary Approval: (a) constitute the best practicable notice to the Settlement Class; (b) are reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the

1   Action, the terms of the proposed Settlement, and their rights to object to the Settlement and to

2   exclude themselves from the Settlement Class; (c) are reasonable and constitute due, adequate, and

3   sufficient notice to those persons entitled to receive notice; and (d) satisfy the requirements of

4   Federal Rule of Civil Procedure 23, the constitutional requirement of due process, and any other

5   legal requirements. The Court finds that the notices are written in plain language, use simple

6   terminology, and are designed to be readily understandable by Settlement Class Members.  The

7   Court further finds that the Notice Plan fully complies with the United States District Court for the

8   Northern District of California's Procedural Guidance for Class Action Settlements.

9          The Parties have selected, Angeion Group to serve as the Settlement Administrator.

10  The Court hereby appoints and authorizes Angeion Group to be the Settlement Administrator, and

11  to perform and execute the notice responsibilities set forth in the Settlement Agreement and by

12  this Court.

13         The Settlement Administrator shall act in compliance with the Stipulated Protective

14  Order, ECF No. 109, including but not limited to making all necessary efforts and precautions to

15  ensure the security and privacy of Settlement Class Member information and protect it from loss,

16  misuse, unauthorized access and disclosure, and to protect against any reasonably anticipated

17  threats or hazards to the security of Settlement Class Member information; not using the

18  information provided by Defendant or Class Counsel in connection with the Settlement or this

19  Notice Plan for any purposes other than providing notice or conducting settlement administration;

20  and not sharing Settlement Class Member information with any third parties without advance

21  consent from the Parties.

22         The Court finds that Angeion Group will comply with the notice provisions of the

23  Class Action Fairness Act of 2005, 28 U.S.C. § 1715, as described in the Declaration of Steven

24  Weisbrot of Angeion Group, LLC Re: Proposed Notice Plan.

25         The Court orders Angeion Group to commence the Notice Plan to potential

26  Settlement Class Members within sixty (60) calendar days after entry of this Preliminary Approval

27

5

sf-5562715

Order. Should supplemental notice be required, pursuant to the terms and requirements of the Settlement Agreement, Angeion Group will provide and complete such supplemental notice no later than thirty (30) calendar days prior to the Objection and Exclusion Deadline. The Objection and Exclusion Deadline shall be set 105 calendar days after Angeion Group commences the Notice Plan. Angeion Group will further provide a declaration that Notice has been effectuated ("Proof of Notice Date"), which shall be filed with the Motion for Final Approval.

7.     **Submission of Payment Information**.  Settlement Class Members will have 105 calendar days from the Notice Date to submit their payment information ("Response Deadline"), which is adequate and sufficient time. Settlement Class Members who submit valid payment information approved by the Settlement Administrator within 105 days of the Notice Date may qualify to receive benefits of the Settlement.

The total amount distributed to the Settlement Class Members who submit valid payment information shall be the Settlement Fund, less the cost of settlement Notice and administrative costs, any Attorneys' Fees and Expenses Award, and any Service Awards (the "Net Settlement Fund"). In the event that funds remain in the Net Settlement Fund following payment of such costs and awards, the remainder will be distributed to the *cy pres* Recipient set forth in the Settlement Agreement and as approved by the Court. Each Settlement Class Member who submits valid payment information shall be categorized as either an "Out of Pocket Payee" ("OOP Payee") or "Complainant," as defined by the Settlement Agreement. OOP Payee Settlement Class Members include those Settlement Class Members who paid Defendant for a repair or replacement allegedly related to a Covered Issue. Each OOP Payee Settlement Class Member who submits valid payment information shall be provided with an equal *pro rata* share of the Net Settlement Fund, up to $349, but no less than $50. Complainant Settlement Class Members include those Settlement Class Members who complained to Defendant about allegedly experiencing a Covered Issue, but who did not pay out of pocket to Defendant for a repair or replacement of that alleged issue. Each Complainant Settlement Class Member who submits valid payment information shall

be provided with an equal *pro rata* share of the Net Settlement Fund, up to $125, but no higher than 75% of the *pro rata* share to be paid to each OOP Payee Settlement Class Member. The actual amount provided to each Settlement Class Member who submits valid payment information may be increased or decreased on a *pro rata* basis based on the size of the Net Settlement Fund and the number of Settlement Class Members who submit valid payment information, subject to the allocation plan described above and in the Settlement Agreement.

8.   **Opting-Out from Settlement Class**.  Any person falling within the definition of the Settlement Class may, upon request, be excluded or "opt out" from the Settlement Class.  Any such person who desires to opt out must submit written notice of such intent online through the Settlement Website or via United States mail to the Settlement Administrator at the designated address included in the Notice. The written request for exclusion must (i) identify the case name of the Lawsuit; (ii) identify the name, current address, and telephone number of the individual seeking exclusion from the Settlement; (iii) be personally signed and dated by the individual seeking exclusion; and (iv) include a statement clearly indicating the individual's intent to be excluded from the Settlement.

Opt-out requests seeking exclusion on behalf of more than one individual shall be deemed invalid by the Settlement Administrator. To be effective, the written notice seeking exclusion shall be postmarked no later than the Objection and Exclusion Deadline, which is set 105 calendar days after first Notice is sent, or submitted online at the Settlement Website no later than the Objection and Exclusion Deadline in accordance with the Settlement. All those persons submitting valid and timely requests for exclusion shall not be entitled to receive any benefits of the Settlement and shall not be entitled to object to the Settlement. If a Settlement Class Member submits both valid payment information and a request for exclusion, the submission of payment information shall take precedence and be considered valid, and the request for exclusion will be deemed invalid and rejected.

Any Settlement Class Member who does not timely and validly exclude themselves

from the Settlement shall be bound by the terms of the Settlement. If final judgment is entered, any Settlement Class Member who has not submitted a timely, valid written request for exclusion from the Settlement Class shall be bound by all subsequent proceedings, orders, and judgments in this matter, including but not limited to the Releases set forth in the Settlement Agreement and incorporated in the judgment.

9.     **<u>Objections and Appearances</u>**.   Any Settlement Class Member who has not submitted a timely written request for exclusion from the Settlement Class and who wishes to object to the Settlement must submit a written objection to the Court by the Objection and Exclusion Deadline, which is set 105 days after first Notice is sent. A Settlement Class Member may object to the Settlement, the benefits of the Settlement, Service Awards, and/or the Attorneys' Fees and Expenses Award, and/or may seek to appear at the Final Approval Hearing and show cause, if any, why the Settlement should not be approved as fair, reasonable, and adequate to the Settlement Class, why a Final Approval Order and Judgment should not be entered thereon, why the benefits of the Settlement should not be approved, or why the Service Awards and/or the Attorneys' Fees and Expenses Award should not be granted, but must proceed as set forth in this paragraph.

A Settlement Class Member wishing to object to the Settlement must submit his or her written objection (i) through the Court's Electronic Court Files ("ECF") system by 11:59 p.m. Pacific Time on the Objection and Exclusion Deadline, or (ii) by United States mail, postmarked by the Objection and Exclusion Deadline. In order to be valid, an objection must be in writing and must (i) include the full name, current address, telephone number, and email address of the objecting Settlement Class Member and any counsel representing the objector; (ii) clearly identify the case name and number, *Tabak, et al. v. Apple Inc.*, Case No. 4:19-cv-02455; (iii) include information sufficient to verify that the objector is a Settlement Class Member and wishes to object to the Settlement; (iv) state whether the objection applies to the objecting Settlement Class Member individually, to a subset of the Settlement Class, or to the entire Settlement Class; (v)

state the grounds for the objection; and (vi) be personally signed and dated by the objecting Settlement Class Member. Settlement Class Members who fail to timely submit a written objection in the manner described above shall be deemed to have waived any objection to the Settlement and shall be foreclosed from raising any objection to the Settlement at the Final Approval Hearing, or through appeal, collateral attack, or otherwise.

Any Settlement Member who timely submits a written objection in the manner described above has the option to appear and request to be heard at the Final Approval Hearing, either in person or through the objecting Settlement Class Member's counsel, if applicable. Any objecting Settlement Class Member wishing to appear and be heard at the Final Approval Hearing, either in person or through the objecting Settlement Class Member's counsel, must include Notice of Intention to Appear in the body of the objector's written objection. If an objecting Settlement Class Member wishes to be represented by an attorney, the objector shall be solely responsible for the objector's attorneys' fees and expenses. Counsel for an objecting Settlement Class Member seeking to appear at the Final Approval Hearing must enter a Notice of Appearance no later than 14 days before the Final Approval Hearing.

10.    **Final Approval Hearing**.  A hearing will be held by this Court in the Courtroom of the Honorable Jon S. Tigar, United States District Court for the Northern District of California, United States Courthouse, Courtroom 6 on the 2nd Floor, 1301 Clay Street, Oakland, CA 94612 at 2:00 p.m. on _____, 2023 ("Final Approval Hearing"), to determine: (a) whether the Settlement should be approved as fair, reasonable, and adequate to the Settlement Class; (b) whether a Final Approval Order and Judgment should be entered; (c) whether the Settlement benefits as proposed in the Settlement Agreement should be approved as fair, reasonable, and adequate; (d) whether to approve the application for Service Awards for the Settlement Class Representatives and an Attorneys' Fees and Expenses Award; and (e) any other matters that may properly be brought before the Court in connection with the Settlement. The Court may approve the Settlement with such modifications as the Parties may agree to, if appropriate, without further

1  notice to the Settlement Class.

2       11.   **Final Approval Briefing**.  Settlement Class Representatives and Class Counsel

3  shall file their motion seeking final approval of the Settlement at least 21 days before the Final

4  Approval Hearing.  All briefing and supporting documents in support of a motion for Attorneys'

5  Fees and Expenses and Service Awards must be filed at least 35 days prior to the Objection and

6  Exclusion Deadline.  Apple reserves the right to object to or oppose Class Counsel's requests for

7  attorneys' fees and expenses.

8       12.   **Reasonable Procedures**.  Class Counsel and Defense Counsel are hereby

9  authorized to use all reasonable procedures in connection with approval and administration of the

10  Settlement that are not materially inconsistent with this Order or the Settlement Agreement,

11  including making, without further approval of the Court, minor changes to the form or content of

12  the notices and other exhibits that they jointly agree are reasonable or necessary to further the

13  purpose of effectuating the Settlement Agreement.

14       13.   **Extension of Deadlines**.  Upon application of the Parties and good cause shown,

15  the deadlines set forth in this Order may be extended by order of the Court, without further notice

16  to the Settlement Class. Settlement Class Members must check the Settlement website regularly

17  for updates and further details regarding extensions of these deadlines.  The Court reserves the

18  right to adjourn or continue the Final Approval Hearing, and/or to extend the deadlines set forth in

19  this Order, without further notice of any kind to the Settlement Class.

20       14.   **Termination of the Settlement and Use of this Order**.  If the Settlement fails to

21  become effective in accordance with its terms, or if the Final Order and Judgment is not entered

22  or is reversed or vacated on appeal, this Order shall be null and void, the Settlement Agreement

23  shall be deemed terminated, and the Parties shall return to their positions without any prejudice,

24  as provided for in the Settlement Agreement. The fact and terms of this Order or the Settlement,

25  all negotiations, discussions, drafts and proceedings in connection with this Order or the

26  Settlement, and any act performed or document signed in connection with this Order or the

27

Settlement, shall not, in this or any other Court, administrative agency, arbitration forum, or other tribunal, constitute an admission, or evidence, or be deemed to create any inference (i) of any acts of wrongdoing or lack of wrongdoing, (ii) of any liability on the part of Defendant to Plaintiffs, the Settlement Class, or anyone else, (iii) of any deficiency of any claim or defense that has been or could have been asserted in this Lawsuit, (iv) of any damages or absence of damages suffered by Plaintiffs, the Settlement Class, or anyone else, or (v) that any benefits obtained by the Settlement Class under the Settlement represent the amount that could or would have been recovered from Defendant in this Lawsuit if it were not settled at this time. The fact and terms of this Order or the Settlement, and all negotiations, discussions, drafts, and proceedings associated with this Order or the Settlement, including the judgment and the release of the Released Claims provided for in the Settlement Agreement, shall not be offered or received in evidence or used for any other purpose in this or any other proceeding in any court, administrative agency, arbitration forum, or other tribunal, except as necessary to enforce the terms of this Order, the Final Order and Judgment, and/or the Settlement.

15. **Related Orders**. All further proceedings in the Lawsuit are ordered stayed until entry of the Final Approval Order or termination of the Settlement Agreement, whichever occurs earlier, except for those matters necessary to obtain and/or effectuate final approval of the Settlement Agreement.

16. For the sake of clarity, the Court enters the following deadlines:

| **EVENT** | **DATE** |
|---|---|
| Deadline for Defendant to provide the Settlement Administrator a list of Settlement Class Members | 30 days after preliminary approval order |

sf-5562715

| Notice Date, on which Notice commences | 30 days following receipt of Settlement Class list—within 60 days of preliminary approval order at the latest |
|---|---|
| Deadline for Class Counsel to submit Motion for Attorneys' Fees and Expenses and Service Awards | 35 days prior to Objection and Exclusion Deadline (the Objection and Exclusion Deadline is 105 days following Notice Date) |
| Deadline for Settlement Class Members to submit written Objections, including supporting documentation, if applicable | 105 days following Notice Date |
| Deadline for Settlement Class Members to submit written requests for exclusion from the Settlement | 105 days following Notice Date |
| Deadline for Settlement Class Members to submit valid payment information | 105 days following Notice Date |
| Deadline to submit declaration establishing proof of notice | 21 days after the Objection and Exclusion Deadline |
| Deadline for Class Counsel to submit Motion for Final Approval, including supporting declarations and documentation and response to objections | 21 days after the Objection and Exclusion Deadline |

ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT
CASE NO. 4:19-cv-02455-JST

sf-5562715

| Deadline for counsel for objectors seeking to appear at Final Approval Hearing to file a notice of appearance, if applicable | 14 days prior to Final Approval Hearing |
|---|---|
| Deadline for Class Representatives, Class Counsel, and/or Apple to submit Responses to written Objections, if applicable | 7 days prior to Final Approval Hearing |
| Final Approval Hearing | 42 days after the Objection and Exclusion Deadline |

**IT IS SO ORDERED.**

DATED: _____, 2023

_____
HON. JON S. TIGAR
UNITED STATES DISTRICT JUDGE

13

sf-5562715